32 381
36 597

EINSTEIN & LEHMAN, APPELLANTS, VS. JAMES. K. MUNNERLYN, APPELLEE.

1. On the issue made by a traverse of an attachment affidavit, the burden of proof is on the plaintiff, and he is entitled to the opening and conclusion.

2. In connection with testimony tending to show that the defendant in attachment proceedings had mortgaged his property in order to protect certain of his creditors in the event other creditors would not wait on him, plaintiff offered in evidence four mortgages from defendant to one firm—three of them bearing dates within a few days of each other and but a short time before the attachment suit was commenced. On objection, that the mortgages were irrelevant, the court excluded them from the consideration of the jury: *Held*, That the ruling was erroneous, and that the mortgages should have been submitted to the consideration of the jury on the question of fraudulent intent in fact.

Appeal from the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*Phillips & Carter* for Appellant.

*Wall & Wall* for Appellee.

MABRY, J. :

This is an attachment proceeding instituted by appellants, Jacob R. Einstein and Adolph Lehman, doing business in the firm name of Einstein & Lehman, against the appellee in the Circuit Court for Hillsborough county on the 26th day of December, A. D. 1888, returnable rule day in January, 1889. The affidavit for the attachment was made by an attorney for plaintiffs, and after a recital of this fact, it states that "James

K. Munnerlyn is indebted to said firm of Einstein & Lehman in the sum of four hundred and fifty-two and 5-100 dollars; that the amount of said debt is actually due, and also that he (affiant) has good reason to believe that said James K. Munnerlyn will fraudulently part with his property before judgment can be recovered against him." An attachment bond was given, and the writ levied upon real estate and a stock of merchandise as the property of the defendant in the attachment. On rule day in January, 1889, defendant Munnerlyn traversed the ground of attachment stated in the affidavit, and moved to dissolve the attachment. This issue was subsequently submitted to a jury and a verdict rendered for the defendant, and judgment entered on this verdict dissolving the attachment. From this judgment plaintiffs below appealed.

On the trial of the traverse plaintiffs offered in evidence four mortgages executed by defendant Munnerlyn to C. B. Rogers & Co. to secure certain indebtedness therein mentioned. The first one was executed and acknowledged on the 19th day of December, 1885, to secure the payment of four promissory notes bearing date November 12th, 1885, each for $1000 with interest at 8 per cent. per annum until paid, and due respectively six, twelve, eighteen and twenty-four months from date. The property embraced in this mortgage is certain real estate in Hillsborough county and a "stock of merchandise" situated in a certain store building in the town of Clear Water Harbor in said county. This mortgage was admitted to record on the 20th day of September, A. D. 1888. The second mortgage bears date December 13th, 1888, and covers an additional lot of land situated in Hillsborough county, Florida. It is executed to secure four promissory notes, each for

$1,080, and due six, twelve, eighteen and twenty-four months from date, with 8 per cent. interest per annum until paid. There is a recital in this mortgage that it was "made as a *pro tanto* correction and confirmation of and to secure the payment of the same indebtedness mentioned in the mortgage deed made by the said parties of the first part to C. B. Rogers & Co., dated December 19th, 1885, and recorded in book G, p. 335, in the records of said county, which mortgage deed was defective in that it failed to properly describe the mortgagees, who were described by their firm name, and not as individuals." This mortgage was admitted to record December 18th, 1888. The third mortgage offered in evidence bears date December 15th, 1888, and was recorded on the 18th day of that month. It recites that James K. Munnerlyn is justly indebted to said party of the second part (C. B. Rogers & Co.) in the sum of $4,320, which indebtedness is now witnessed by four certain promissory notes for $1,080 each, dated December 13th, 1888, and due respectively at six, twelve, eighteen months, and two years from date, the payment thereof being secured by a mortgage executed December 13th, 1888, by said James K. Munnerlyn and Sarah J. Munnerlyn, his wife, to said parties of the second part. And whereas the said parties of the second part consider that said mortgage upon said property therein described is not sufficient to secure them for the amount due upon said notes, now therefore, in consideration of the indebtedness above described, and the further consideration of one dollar in hand paid," and to further secure said indebtedness, the mortgagor Munnerlyn conveys all the stock in trade of goods, wares and merchandise in a store on Cleveland street, Clear Water Harbor, upon condition of defeasance upon the payment

of said notes. It is also recited in this mortgage that the mortgagor shall retain possession of said granted property, but on default of payment of said notes, or any attempt on his part "to sell said goods except in the usual retail way, and that he will pay over the money received therefrom to the said parties of the second part as the goods are sold, or to remove therefrom the county of their present location, or upon any seizure of them by any process of law, then the said parties of the second part" may take possession of said property. The other mortgage offered in evidence is dated the 21st day of December, 1888, and conveys four lots of land other than those mentioned in the preceding mortgages, and to secure the payment of $4,320. In it the following recital appears, *viz:* "This mortgage being given to further secure the payment of the notes for the above amount given by the parties of the first part herein on December 13th, 1888, and secured by a mortgage of even date herewith, said notes being for $1,080 each, and date respectively six (6), twelve (12), eighteen (18) months, and two (2) years from date, with 8 per cent. interest until paid."

Objection was made to the introduction in evidence of the foregoing mortgages on the ground that they were irrelevant. The court sustained the objection and plaintiffs excepted.

Plaintiffs then examined the defendant Munnerlyn, who testified, in substance, that he owed Einstein & Lehman the amount for which suit was brought. He made the mortgage dated December 19th, 1885, to C. B. Rogers & Co. to secure $4,000. Wife of C. B. Rogers is sister of witness' wife. Rogers not his confidential friend. Witness borrowed money from him to start business. The four thousand dollars was contracted when witness bought the property upon which mort-

gage was given.   The property was bought from A. C. Turner and C. B. Rogers & Co. had a mortgage on it for $4.500.   Witness assumed this debt, and the Turner.mortgage was released.   All the mortgages given by witness to C. B. Rogers & Co., and offered to be read in evidence, were given to secure the same debt. None of the principal paid, but interest paid up to the last time.   Stock in store at the time mortgage was given had been largely sold out and new stock purchased, but some of the old stock still on hand.   Witness used money arising from sales of goods in usual course of business.   Replenished goods from time to time and continued to sell.   Had no communication from C. B. Rogers & Co. when mortgage was given about recording it, and expected it to be recorded. Witness was trying to mortgage all of his property to pay his creditors if they would give him time, but if not, would have to look out for himself and other creditors.   Went to Duneden with P. S. Coggins, and on the way consulted with an attorney about an assignment.   A member of the firm of C. B. Rogers & Co. told witness that first mortgage given to the firm had some legal defects in it, and witness made a new mortgage correcting defects in the old one.   Coggins informed witness that Eckman & Vetsburg were going to sue, and he (Munnerlyn) thought it best to look out for himself.   He had always intended to protect C. B. Rogers & Co., as they had befriended him; had set him up in business and he owed them.   Witness had made mortgage to Bank of Tarpon Springs for $300, and a mortgage to some other parties, on the 21st day of December, 1888, and had paid two small claims—one $50, and the other $109—in the fall previous.   Had four lots and five acres of land and homestead and exemptions

25

at the time of giving the mortgage dated December 21st, 1888. The five acres was worth about $25 per acre; the title was in witness. Had bought goods from C. B. Rogers & Co. from time to time since giving the first mortgage in 1885, and had paid for them, and had remained in posssession of the goods and sold in the usual course of business after giving the mortgages, up to levy of the attachment. He had made, December 31st, 1888, an assignment of all his property, except his exemptions, for the benefit of his creditors, preferring first C. B. Rogers & Co. for $4,320.

Plaintiffs again offered the mortgages in evidence in connection with the foregoing testimony, and on objection of defendant they were again ruled out by the court as irrelevant. This ruling was clearly erroneous. On the issue before the jury, the mortgages should have been submitted to them for consideration. *Vide* Eckman & Vetsburg vs. Munnerlyn, *ante*, p. 367. On the question of a fraudulent intent as a matter of fact, they were proper for the consideration of the jury.

Errors are assigned on the charges given by the court to the jury, but as the record fails to show any proper exceptions in the trial court to the charges, they are not properly before us. On the issue of the traverse of the affidavit the burden of proof is on the plaintiffs, and hence they have the opening and conclusion.

The exclusion of the mortgages from the consideration of the jury was error, for which the case must be reversed. The other assignments of error it is not deemed necessary to consider.

The judgment is reversed and a new trial awarded.