BARKDULL, Judge.
The parties to this cause were divorced in the State of Georgia. As a part of the final decree, there was an agreement incorporated providing for child support and other matters.
The appellant brought the instant action in the Circuit Court of Dade County, seeking to establish the Georgia decree to recover arrearages thereunder and sought a modification by increasing the amount of support payments. Following a final hearing, the chancellor established the decree, refused to award a judgment for arrearages, and required the appellee to make periodic support payments in accordance with the terms of the original decree. The appellant appeals and seeks reversal because of the failure of the chancellor to award a judgment for the arrearages and to entertain, during the course of the proceedings, a motion to increase the amount of support. We affirm.
In determining whether arrear-ages should be awarded under a proceeding to enforce a foreign decree, the chancellor was entitled to consider equitable defenses, such as a subsequent modification between the parties. See: Sackler v. Sackler, Fla.1950, 47 So.2d 292, 18 A.L.R.2d 856; Haas v. Haas, Fla.1952, 59 So.2d 640; Kramer v. Kramer, Fla.App.1962, 146 So.2d 586. No *17 error is found in the chancellor’s refusing to entertain the motion to modify by increasing the amount of support during the pendency of the case, because at the time it was presented the foreign decree had not been established in this State. Of course, this would not prevent the appellant from seeking modification [pursuant to the provisions of § 65.15 Fla.Stat., F.S.A.] of the decree as ultimately rendered by the chancellor, provided the appellant justifies the need for change. See: Terry v. Terry, Fla.App.1961, 126 So.2d 890; Simon v. Simon, Fla.App.1963, 155 So.2d 849; Smith v. Smith, Fla.App.1965, 177 So.2d 351; § 65.15 Fla.Stat., F.S.A.; 10 Fla.Jur., Divorce, etc., § 198 et seq.
Therefore, the decree is hereby affirmed.
Affirmed.