313 So.2d 649 (1975)
CITY OF FORT LAUDERDALE, a Municipal Corporation, Etc., Appellant,
v.
CASINO REALTY, INC., et al., Appellees.
No. 44253.
Supreme Court of Florida.
February 26, 1975.
*650 W.W. Caldwell, Jr., City Atty., and Donald H. Norman, Ross, Norman & Cory, Fort Lauderdale, for appellant.
John A. Thabes, Saunders, Curtis, Ginestra & Gore, and Samuel L. Heller, Johnson, Heller & Birnbaum, Fort Lauderdale, for appellees.
ROBERTS, Justice.
This cause is before us on direct appeal from a decision of the District Court of Appeal, Fourth District, in Rice v. City of Fort Lauderdale et al.; Casino Realty, Inc. v. City of Fort Lauderdale et al., reported at 281 So.2d 36 (Fla. App. 1973), which construes a provision of the Constitution of Florida (1968), Article X, Section 6, thereby vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(1), Florida Constitution (1973). See Ogle v. Pepin, 273 So.2d 391 (Fla. 1973); Armstrong v. City of Tampa, 106 So.2d 407 (Fla. 1958).
This action was commenced on March 11, 1969, by a petition in eminent domain under Chapter 74, Florida Statutes, by the City of Fort Lauderdale and the State Road Department of Florida, as the condemning authorities, to acquire certain lands owned by the appellees-condemnees for the widening of U.S. Highway A-1-A within the City of Fort Lauderdale. The relevant history, factual background, questions presented and disposition are clearly set out in the decision of the District Court of Appeal, Fourth District, reported at 281 So.2d 36, presently before us for review. We have heard oral argument, examined the record and considered the briefs and are of the opinion that the District Court correctly decided the issues concerning the introduction into evidence of the lease agreement and attorney's fees. We agree that the property owner should have the right in certain instances to open and close in final argument for the reasons and in the manner set forth in Justice Overton's concurring opinion. We disagree with the holding of that court relative to the construction which it has given to Article X, Section 6, Constitution of Florida (1968). The District Court erred in its initial consideration of Article X, Section 6, in adjudging that each defendant as an owner of a separate interest in a parcel of property sought to be acquired in eminent domain proceedings was entitled to a separate jury verdict, i.e., for the defendants Rice as owners of a one-third interest, and for the defendant Casino as the owner of a two-thirds interest. Article X, Section 6, Florida Constitution (1968) provides "(a) No private property shall be taken except for a public purpose and with full compensation therefor paid to each owner or secured by deposit in the registry of the court and available to the owner." In construing this provision, the District Court erroneously concluded that "[t]he *651 use of the phrase `each owner' in the 1968 revision was intended to provide separate damage award where differing ownerships exist in the parcel subject to condemnation. Under the language of Article X, Section 6, supra, each of the defendants as owners of separate interests in the subject property was entitled to separate jury verdicts." The constitution requires that each owner shall be compensated for the taking of private property, but this constitutional provision does not require a separate jury verdict for the interest of each owner in a parcel of land acquired in an eminent domain proceedings. Each owner has his interest protected under the law which provides the appropriate procedure for the compensation of each of the parties' interest in a parcel of land. The instant condemnation proceeding was commenced on March 11, 1969, and, therefore, Section 73.081 (Florida Statutes, 1969), which provides:
"Form of verdict.  The verdict of the jury shall state an accurate description of each parcel of the property sought to be appropriated; and the amount to be paid therefor, together with any damage to the remainder caused by the taking, including business damages when allowable by statute. The compensation awarded by the jury for each parcel of property sought to be appropriated shall be determined as a whole, irrespective of the separate interests of the various parties, or the various items of damages claimed as to each parcel."
governed the trial since the 1970 amendment thereto, Chapter 70-284, General Laws,[1] provides that it would apply to all eminent domain proceedings instituted after October 1, 1970. Section 73.101 entitled "Form of Judgment" which provides,
"Form of judgment.  The judgment shall recite the verdict in full and shall state that the estate or interest in the property described in the petition and sought to be appropriated by the petitioner shall vest in the petitioner upon the payment of, or securing by deposit of money, the amount found by the verdict of the jury. Where there are conflicting claims to the amount awarded for any parcel, the court, upon appropriate motion, shall determine the rights of the interested parties with respect to the amount awarded for each parcel and the method of apportionment, together with the disposition of any other matters arising from the taking."
allows the trial court, after the jury has returned a verdict stating the amount to be paid for the parcel of land, to resolve the rights of interested parties in the parcel with respect to the amount awarded and the method of apportionment. This statutory procedure insures compensation to each of the parties for their separate interests in the parcel and satisfies the constitutional mandate of Article X, Section 6, supra, to provide full compensation to each owner.
The decision of the District Court is reversed insofar as it holds that Article X, Section 6, supra, mandates that each of the defendants as owners of separate interests in the subject parcel of land are entitled to separate jury verdicts. The trial judge did not err in this respect. The decision of the District Court is modified in accordance with the concurring opinion of Justice Overton concerning opening and closing arguments and affirmed on the other points on appeal regarding the introduction into evidence and consideration of the *652 lease agreement, and the award of attorney's fees.
Accordingly, the decision of the District Court is affirmed in part, modified in part, and reversed in part, and the cause is hereby remanded for further proceedings consistent with the views herein expressed.
It is so ordered.
ADKINS, C.J., and BOYD and ERVIN (Retired), JJ., concur.
OVERTON, J., concurs specially with opinion with which ADKINS, C.J., and BOYD and ERVIN (Retired), JJ., concur.
OVERTON, Justice (concurring).
I fully agree with Justice ROBERTS' opinion and his treatment of the issues presented therein. On the issue of a property owner's right to open and close in final argument, there is clear conflict between the Fourth District Court of Appeal's decision in this cause reported in Rice v. City of Fort Lauderdale, 281 So.2d 36 (Fla.App.4th 1973), and the decision of the Second District Court of Appeal in Parker v. Armstrong, 125 So.2d 138 (Fla. App.2d 1960), cert. den. 133 So.2d 321 (Fla. 1961).
The majority of this Court agrees that under certain circumstances the property owner should have the right to open and close final argument in a condemnation proceeding, but not for the reasons or in the manner set forth by the Fourth District Court.
The right to open and close final argument rests upon the general principle of law that the party on whom rests the burden of proof is required to go forward with the evidence and in final argument is entitled to open and close. Gardner Lumber Co. v. Bank of Commerce, 73 Fla. 246, 74 So. 313 (1917); Einstein v. Munnerlyn, 32 Fla. 381, 13 So. 926 (1893). With respect to condemnation proceedings, courts of the various states are not in any way uniform on this issue, partly because of the various constitutional and statutory provisions and the procedural methods used in this type of action. See 73 A.L.R.2d 619, § 2, and cases cited therein.
We do not agree with the construction by the Fourth District Court of Appeal that the "quick taking" procedure initially adopted by this state in 1949, and upheld by this Court in State Road Department v. Forehand, 56 So.2d 901 (Fla. 1952), is distinguishable to the extent that it gives a property owner the privilege to open and close in that type of proceeding while the property owner in a "slow take" proceeding is not afforded the opportunity. The jury in each proceeding, be it "quick taking" or "slow taking," has the same responsibilities and the same issue to decide, specifically the amount of compensation to be awarded the property owner.
Compensation in condemnation proceedings in this state includes both usual and unique items of damage. The burden of proof various depending on the specific item of damage. The items of damage in a condemnation proceeding in this state and the party that has the burden of proof are set forth as follows:

 Party Who Has the
 Item of Damage Burden of Proof
 1. Value of the land taken Condemning authority
 2. Damage to the land remaining or Property owner
 severance damages
 3. Special enhancement to Condemning authority
 remaining land by improvement
 4. Moving expenses Property owner
 5. Business loss Property owner

In many instances, the issue concerning the value of the land taken is nominal in comparison to the asserted claims for severance damages or business loss. Parker v. Armstrong, supra, illustrates one such situation. There, although the property owner had the burden of proving the substantial *653 issue to be presented to the jury, the condemning authority had the privilege of opening and closing in final argument because it had the duty of going forward to establish initially what land was being taken and its value.
We hold that a property owner must be afforded the privilege of presenting the opening and closing portions of the final argument when the substantial issues presented in a specific cause concern elements of damage for which he has the burden of proof. On the other hand, when the substantial issue for determination concerns the value of the land taken or enhancement value, then the condemning authority should have the opening and closing arguments. The trial judge has the discretionary authority to decide what constitutes the substantial issue for the jury to determine.
We recognize that there may be situations where there are multiple substantial damage issues. An example of this type of situation would be where in the same action there is both a substantial issue concerning the value of the land taken, the burden being on the condemning authority, and also a substantial issue concerning severance damages where the burden is on the property owner. In these circumstances, any doubt must be resolved in favor of the property owner and he must be granted the privilege to open and close in final argument.
By holding that a property owner has the privilege to open and close in final argument in certain instances, we are not changing in any way the initial responsibility of the condemning authority to go forward with the evidence necessary to establish what land is being taken, how it is being taken, and the value of the land actually taken.[1] Nor are we changing the condemning authority's privilege of beginning the proceedings and going first on voir dire and opening statements. Further, the trial court, in order to facilitate a clear presentation of the positions of each side to the jury, may require the condemning authority to go forward on its case in chief and show its contentions concerning the elements of damage for which the property owner has the burden of proof. In so doing, the condemning authority should not thereafter be allowed to reiterate that testimony in rebuttal although it should be allowed to rebut any new matter.
To avoid multiple retrials, this holding is for prospective application only and shall not affect any cause upon which jury trial has commenced or verdict has been rendered, irrespective of whether this issue was properly raised before the trial of that cause.
ADKINS, C.J., and BOYD and ERVIN (Retired), JJ., concur.
NOTES
[1] Chapter 70-284, Section 73-081, Florida Statutes, provides: "Form of verdict.  The verdict of the jury shall state an accurate description of each parcel of the property sought to be appropriated and the amount to be paid therefor, together with any damage to the remainder caused by the taking and including business damages when allowable by statute. When severance damages, business damages, moving costs or other special damages are sought, the verdict shall state the amount of such damages separately from the amounts of other damages awarded."
[1] If we required the property owner to go forward first with his evidence as requested by the appellee-owners in this cause, he might also find himself with the responsibility of establishing the actual construction project by a condemning authority's engineer in order for his appraiser to testify.