319 So.2d 585 (1975)
Dorothy C. WILKERSON et al., Appellants,
v.
DIVISION OF ADMINISTRATION, STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellee.
No. 74-733.
District Court of Appeal of Florida, Second District.
October 3, 1975.
Rehearing Denied October 28, 1975.
H. Rex Owen, of Owen & McCrory, St. Petersburg, for appellants.
Winifred Sheridan, Smallwood & Geoffrey B. Dobson, Tallahassee, for appellee.
McNULTY, Chief Judge.
We consider this day the question of who has the burden of proof to establish value of land in a "quick taking" condemnation proceeding begun by the condemning authority. The trial judge charged the jury herein that such burden rests on the property owners. Our Supreme Court recently held to the contrary, however, in City of Fort Lauderdale v. Casino Realty, Inc.[1] which, in fairness to the trial judge here, we point out was decided subsequent to the trial herein. We must hold, therefore, *586 that it was error for the trial judge to have imposed the burden of proof as to the land value on the owners.
We discuss briefly, now, the reason why we think such error was prejudicial and thus reversible. The state's evidence tended to establish that the value of appellants' parcel was $171,500. Appellants' evidence tended to establish that the land was worth $268,000. The jury's verdict was for $175,000 and judgment was entered in this sum. At first blush, therefore, it may appear that we could not say as a matter of law that the jury verdict might have been higher had the court properly charged the jury. This would be so because, ordinarily, a verdict for a plaintiff cannot exceed that established by his evidence. Here, of course, the verdict did exceed it in the sum of $3,500; and it seems logical that the only basis for such additional amount would have to be found in the evidence presented by the landowners. Certainly, it would seem, appellants could fare no better on a retrial because the state isn't going to establish their value for them.
But condemnation proceedings are sui generis and cannot be, in all respects, classed with the ordinary law suit. The only reasonable interpretation of the rationale in Casino Realty, supra, therefore, and we believe it indeed to be a sound rationale, is that, within the concept of eminent domain proceedings, a landowner has an absolute right to place whatever value he chooses on his own property; and upon his presentation of competent evidence in a condemnation suit tending to establish such value, a presumption arises that the property is in fact worth that much. Accordingly, the burden is upon the condemning authority to rebut that presumption and to establish by a preponderance of the evidence that the property is worth something less. Its failure to do so would authorize a verdict to the full extent of the value established by the landowner. The state wasn't charged with that burden here and it should have been.
In view whereof, the judgment appealed from should be, and the same is hereby, reversed; and the cause is remanded for a new trial.
HOBSON and BOARDMAN, JJ., concur.
NOTES
[1] (Fla. 1975), 313 So.2d 649.