327 So.2d 93 (1976)
George E. RUSCOE, Appellant,
v.
Linda M. RUSCOE, Appellee.
No. 75-773.
District Court of Appeal of Florida, Fourth District.
February 20, 1976.
Jason G. Reynolds of Coble, McKinnon, Reynolds & Rothert, Daytona Beach, for appellant.
Steven L. Sagrans, Jupiter, for appellee.
OWEN, Judge.
This case presents the issue: where should venue be laid in an action to establish a foreign divorce decree as a Florida judgment.
The parties were divorced in Mexico. The final divorce decree incorporated a separation and property settlement agreement previously executed in New York. Both parties now reside in Florida. Plaintiff/wife filed a "Complaint to Establish Foreign Decree as a Florida Judgment," seeking the establishment and enforcement of the Mexican decree, particularly as it pertained to defendant's duty to make child support payments. The complaint was filed in Palm Beach County where plaintiff resides. Defendant/husband filed a motion to dismiss for improper venue, asserting his privilege of being sued in Volusia County, Florida, in which he resides. This appeal is from the order denying that motion.
Appellant's position is well founded. Fla. Stat. § 47.011 (1973), the general venue statute, provides:
"Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents."
The only venue alternative in the statute which is applicable to the instant case is *94 "in the county where the defendant resides" and this is precisely where defendant contends venue should be laid.
Appellee, citing to Stewart v. Carr, 218 So.2d 525 (2nd DCA Fla. 1969) contends that this general venue statute only controls actions brought under the common law or under statutes not containing a specific provision respecting venue, but that, in this case, the specific venue provision contained in Fla. Stat. § 61.14 (1973) applies. Fla. Stat. § 61.14 provides:
"61.14 Modification of alimony judgments; agreements, etc. 
(1) When the parties have entered into, or hereafter enter into, an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed since the execution of such agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for a judgment decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances and the financial ability of the parties, decreasing, or increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order." (emphasis supplied)
Clearly, this statute, providing that venue may be laid in either parties' county of residence, only relates to actions for the modification of alimony judgments, agreements, etc. Appellee is not seeking relief under § 61.14, and it is therefore simply not applicable.
Stewart v. Carr, supra, involved a petition to establish a foreign decree and to modify that decree.[1] That court stated, at 528:
"We therefore hold that F.S. § 61.14, F.S.A., the modification statute under which the instant proceeding was filed in Broward County, and which contains affirmative provisions with reference to venue, controls, and that the action was permissively instituted in that county, the residence of [petitioner/appellant], he having the choice within the confines of the statute." (emphasis supplied)
Thus, the situation in that case is clearly distinguishable from the one at bar in that there the action was expressly brought under § 61.14.
The order appealed is reversed and this cause remanded with directions to enter an order transferring this cause to the Circuit Court of Volusia County pursuant to Rule 1.060(b) RCP.
Reversed and remanded.
WALDEN, C.J., and MAGER, J., concur.
NOTES
[1] The propriety of seeking both types of relief at the same time appears to have been questioned in Smith v. Smith, 197 So.2d 16 (3rd DCA Fla. 1967), wherein it was held that the chancellor in an action to establish a foreign decree did not err in refusing to entertain a motion to modify that decree during the pendency of the case, "because at the time it [the motion] was presented the foreign decree had not been established in this State." (197 So.2d at 17). But see, Lopez v. Avery, 66 So.2d 689 (Fla. 1953) in which the Supreme Court held that an amended complaint which sought establishment of a foreign decree and thereafter modification of its terms stated a cause of action under the predecessor statute to § 61.14.