329 So.2d 5 (1976)
STATE of Florida DEPARTMENT OF POLLUTION CONTROL, Appellant,
v.
INTERNATIONAL PAPER COMPANY, a New York Corporation Authorized to Do Business in the State of Florida, Appellee.
No. 45679.
Supreme Court of Florida.
February 26, 1976.
*6 Robert L. Shevin, Atty. Gen., and James R. Brindell, Asst. Atty. Gen., for appellant.
Lynn C. Higby and Richard Smoak, Isler, Highby & Brown, Panama City, for appellee.
OVERTON, Justice.
This is an appeal from a circuit court decision holding Section 403.141(3), Florida Statutes (1973), unconstitutional. We have jurisdiction.[1]
This cause concerns a fish kill in St. Andrews Bay and the proper method for the State to effect the collection of damages.
Appellee, International Paper Company, owns and operates a paper processing plant adjacent to St. Andrews Bay near Panama City. A fish kill occurred in the Bay during the period June 16-18, 1971. Appellant, Department of Pollution Control, contended the paper company's discharge of industrial effluent was the direct cause of the fish kill and immediately brought an administrative action seeking damages against appellee paper company pursuant to the provisions of Section 403.121(2), Florida Statutes (1969).
A demand for a public hearing was made by the appellee paper company, and a hearing was so held by an examiner eighteen months later on January 26, 1973. Evidence of the fish kill and damages to the State were presented by the appellant Department. The appellee presented no direct evidence but did cross-examine appellant's witnesses and raised constitutional issues. The examiner in his order held that he was without authority to rule upon the constitutional issues. He found the appellee paper company had emitted paper mill waste from its plant of quantity and quality sufficient to substantially reduce the dissolved oxygen level in the affected waters, and that this was the cause of the fish kill. He determined the sum of $12,009.20 had been established by the Department as the value of the fish kill. This sum was computed by reliance upon a table of values for individual species of fish established by Chapter 17-11 of the Florida Administrative Code, adopted pursuant to the authority of Section 403.141(3), Florida Statutes (1973). The examiner further found investigative costs and expenses to be the sum of $2,104.30, for total damages of $14,113.50. These findings and conclusions were adopted by the Pollution Control Board in its order dated April 17, 1973. The appellee paper company failed to appeal this administrative order to the District Court of Appeal in accordance with provisions of Sections 403.121(3) and 120.31, Florida Statutes (1973).
On August 17, 1973, the appellant Department filed a complaint in the Circuit Court for Bay County in accordance with provisions of Section 403.121(2)(a), Florida Statutes (Supp. 1972), requesting the circuit court to enforce the Pollution Control Board's order against the appellee *7 paper company. The statutory authority by which the State proceeded to enforce its order, specifically Section 403.121(2)(a), Florida Statutes, was enacted by the Legislature in its 1972 session, effective July 1, 1972.[2]
This statute did not become effective until one year after the fish kill, but it was in effect on the date of the administrative hearing on January 26, 1973. Prior to the adoption of this statute, the Department of Pollution Control could seek judicial enforcement of its order only in accordance with Section 403.141, Florida Statutes (1969).[3] The provisions of this prior statute empowered the Department of Pollution Control to assess civil damages by an administrative order but did not allow for judicial enforcement without a judicial determination of liability and damages.
The trial judge, in the instant enforcement action, considered motions to dismiss and for partial summary judgment made by the appellee paper company. He dismissed the action for failure to state a cause of action with leave to the Department to amend its complaint for a de novo judicial determination of liability and damages for the claimed fish kill. The trial court further granted the appellee paper company a partial summary judgment, holding unconstitutional Section 403.141 (3), Florida Statutes (1973), stating:
"[The statute] is vague in that it permits purported compensatory damages to be assessed by `estimate' and that the table of values for individual categories of fish established pursuant to said statute are unreasonable, arbitrary, and capricious so as to deny the Defendant due process of law because of the conclusive nature of the table. .. ."
We have two issues to determine in this cause: First, the validity of judicial enforcement under a statutory provision adopted subsequent to the subject fish kill; and, second, the constitutionality of an asserted conclusive evidentiary table of fish values promulgated by the Department pursuant to Section 403.141(3), Florida Statutes (1973).
Concerning the issue of judicial enforcement of the Department's order, we said in State v. St. Regis Paper Company, 257 So.2d 253, 255 (Fla. 1971), in applying the law applicable in June of 1971, that:
"[The Department] is ... free to assess damages and costs under Fla. Stat. § 403.141(1), F.S.A. and either wait for voluntary payment under subsection (2), or ... proceed forthwith to obtain a judicial determination of liability for damages and costs under subsection (3)." [Emphasis supplied]
The amendment in 1972 provided the Department with two alternative courses of action: (1) an administrative proceeding to determine liability and damages together with judicial enforcement of the *8 final administrative order, or (2) a judicial determination of liability and damages and resulting judicial enforcement. Appellant asks us to retrospectively apply this amendment to the instant case, claiming the amendment is procedural, not substantive. We disagree.
When the Legislature amended Chapter 403 in 1972, it eliminated the right of a defendant to require a judicial determination for liability and damages. This amendment restricts a right previously held and is substantive, not procedural. Under the circumstances of this cause, we decline to give retrospective effect to the 1972 amendments. Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521, 524 (Fla. 1973); McKibben v. Mallory, 293 So.2d 48, 51 (Fla. 1974).
The second issue concerns the constitutionality of the table of fish values promulgated by the Department as Chapter 17-11 pursuant to Section 403.141(3), Florida Statutes (1973). The trial court held the statute unconstitutional because it appeared to authorize the Department to conclusively establish the values of different species of fish.[4] This is an evidentiary statutory provision. Construing this statute to authorize the establishment of conclusive evidentiary fish table values would constitute an absolute denial of the right to present evidence on a material issue and would violate constitutional due process of law.
Where scientific or technical information is difficult or expensive to obtain, statutes prescribing a competent means to establish such a fact are permissible. See Adams v. American Agricultural Chemical Co., 78 Fla. 362, 82 So. 850, 852 (1919). Although the manner of determining the value of fish killed may be statutorily established as presumptive or prima facie evidence of a fact, such a statute cannot conclusively prescribe a specific amount of damages for a particular number and species of fish killed.
We hold the fish table values as authorized by the statute in issue are proper and relevant to the question of damages. They are admissible and may be introduced as evidence and rebutted like any other evidence. The introduction into evidence of such table requires the trier of fact to accept the specified fish values as a presumed fact unless credible evidence to the contrary is introduced, in which case the fish values shall be determined from all the evidence without regard to any presumption. The trier of fact will make the final determination of the amount of damages based upon the weight and credibility of all the evidence in the cause.
It was the Legislature's intent in the adoption of Chapter 403 to protect and maintain the waters of this state and to provide a realistic means to enforce that purpose. Our construction carries out that purpose without violating constitutional due process of law. We hold Section 403.141(3), Florida Statutes (1973), constitutional in accordance with our construction herein.
That part of the judgment below dismissing the complaint with leave to amend is affirmed. The partial summary judgment holding Section 403.141(3), Florida Statutes (1973), unconstitutional is reversed. This cause is remanded for further proceedings not inconsistent herewith including the right of the appellant to file an amended complaint.
It is so ordered.
*9 ADKINS, C.J., ROBERTS and ENGLAND, JJ., and ALDERMAN, TENCH and MORPHONIOS, Circuit Court Judges, concur.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.
[2] "(2) Administrative remedies:

"(a) The department may institute an administrative proceeding to establish liability and to recover damages for any injury to the air, waters, or property, including animal, plant, or aquatic life, of the state caused by any violation. After a hearing, the board may order that the violator pay a specified sum as damages to the state. Judgment for the amount of damages determined by the board may be entered in any court having jurisdiction thereof and may be enforced as any other judgment."
[3] The pertinent portions of the statute read as follows:

"(2) Upon the request of any state agency or the alleged violator, the department may consider and assess these damages. If the amount so assessed is not paid within a reasonable time as prescribed by the department, the department may institute civil action in the appropriate court for a judicial determination of liability and damages.
"(3) Nothing herein shall give the department the right to bring an action on behalf of any private person. Nothing herein shall prohibit the department from proceeding forthwith to obtain a judicial determination of the liability and damages. No finding, written report or recommendation of the department made pursuant to this section shall be admissible in evidence in any action."
[4] Section 403.141(3), Florida Statutes (1973) is as follows:

"In assessing damages for fish killed, the value of the fish is to be determined in accordance with a table of values for individual categories of fish which shall be promulgated by the department. At the time the table is adopted, the department shall utilize tables of values established by the department of natural resources and the game and fresh water fish commission. The total number of fish killed may be estimated by standard practices used in estimating fish population."