BOYER, Judge.
This is an interlocutory appeal by the husband (appellant herein) from an order denying his motion to transfer for improper venue.
The parties were divorced in Georgia and thereafter the wife moved to Duval County, Florida and the husband to Leon County, Florida. The wife filed a complaint in Du-val County seeking enforcement and establishment of a foreign divorce decree, and the husband answered raising improper venue as an affirmative defense under F.S. 47.011 and counterclaimed for establishment of the foreign decree. At the same time he filed a motion to transfer the action to Leon County pursuant to Fla.R.Civ.P. 1.060 and 1.140(d). At a hearing on the motion, the trial court found that absent a waiver by the husband, the proper venue *143 was in Leon County per Ruscoe v. Ruscoe, 327 So.2d 93 (Fla. 4th DCA 1976) and directed memoranda be filed on the waiver issue. Subsequently, the husband filed a notice of voluntary dismissal of his counterclaim pursuant to Fla.R.Civ.P. 1.420 and the wife filed a motion to strike the notice. The trial court entered an order denying the husband’s motion to transfer and granting the wife’s motion to strike the notice of voluntary dismissal.
The husband now urges that the trial court erred in denying his motion to transfer for improper venue and in granting the wife’s motion to strike the notice of voluntary dismissal of his counterclaim.
We agree with our sister court in Ruscoe, supra, that when a complaint to establish a foreign decree is brought, F.S. 47.011 controls and the action should be brought in the county where the responding party resides. In so holding, we reject the wife’s contention that the cause of action accrued in Duval County where the child support and alimony payments were made and that therefore venue was proper in that county.
The wife contends that the husband failed to follow Fla.R.Civ.P. 1.140(b) when he filed his motion to transfer alleging improper venue at the same time he filed his responsive pleading and that once he filed that motion he could not then plead to the merits and ask the trial court in Duval County to .take jurisdiction of an independent counterclaim since that constituted a clear waiver of his venue privilege.
Fla.R.Civ.P. 1.140(b) provides that a party may assert the defense of improper venue either in the form of a motion or he may assert it as an affirmative defense in his answer: Therefore it was proper for the husband to raise the defense of improper venue in his answer. In so doing, he did not waive the defense merely because he filed it with a counterclaim in a responsive pleading. Brennan v. Brennan, 192 So.2d 782 (Fla. 3rd DCA 1966).
As to the husband’s second alleged error, we hold that a counterclaimant can dismiss his counterclaim without leave of court provided the conditions of Fla.R. Civ.P. 1.420(a)(1) are otherwise met. (See Fla.R.Civ.P. 1.420(c).)
REVERSED.
McCORD, C. J., and MELVIN, J., concur.