399 So.2d 359 (1981)
DIVISION OF ADMINISTRATION, State of Florida, Department of Transportation, Appellant,
v.
Franklin I. SAEMANN et al., Appellees.
No. 79-1188.
District Court of Appeal of Florida, Fourth District.
April 1, 1981.
Rehearing Denied June 30, 1981.
Alan E. DeSerio, H. Reynolds and Kenneth M. Towcimak, Tallahassee, for appellant.
Toby Prince Brigham of Brigham, Reynolds, Byrne & Moore, P.A., Miami, for appellee-Rinker Materials Corp.
DOWNEY, Judge.
The Department of Transportation has perfected this plenary appeal from a judgment in eminent domain in favor of the property owner.
In the course of widening and improving Glades Road in Boca Raton, Florida, the Department of Transportation condemned a portion of the property owned by appellee Rinker Materials Corporation on which Rinker had operated a full service concrete batch plant and building construction supply yard for a number of years. The major dispute between the parties involved the cost to cure the severance damage incurred as a result of the taking.
At trial the Department presented an appraiser, C.R. Johnson, to testify to the value of the property taken, severance damages, and the cost to cure those severance *360 damages. A proffer of Johnson's testimony showed that his opinion as to the cost to cure the severance damages would be based upon an opinion furnished Johnson by George Arnold, who, the court ultimately ruled, was not qualified as an expert witness to testify as to the cost of reorganizing the property so that it could be efficiently operated as a concrete batch plant and building construction supply yard after the taking.
Among other things, the proffer also showed Johnson could testify that the difference between the value of Rinker's property before and after the taking was $288,626, which difference represented the total damages to the property occasioned by the taking. The trial court ruled that Johnson could testify as to the difference between the before and after value; however, Johnson would not be permitted to testify as to the cost of reorganizing the property. When the trial court ruled Arnold was not qualified as an expert to render an opinion on the reorganization question, the Department restricted Johnson's testimony solely to his opinion as to the value of the land taken. Johnson did not testify as to either severance damages or the cost to cure any damage caused by severance. When the Department rested its case, Rinker moved to strike Johnson's testimony on the grounds that the Department was required to furnish the jury with evidence so that they could determine "full compensation" for the taking, i.e., the value of the land taken, severance damages, and cost to cure the severance damages; since the Department failed to adduce any evidence on severance damages, the existence of which the Department conceded, Rinker contended Johnson's testimony as to the value of the property taken was subject to being stricken. Rinker relied on State v. Byrd, 254 So.2d 836 (Fla. 1st DCA 1971), as authority for its motion to strike Johnson's testimony. The court granted the motion to strike, and the Department contends this was reversible error.
The principle involved in Byrd is that testimony which misconceives the law of severance damages is inadmissible. That principle does not support the trial judge's action, and, in our judgment, the trial court erred in striking Johnson's testimony as to the value of the land taken because Johnson did not give testimony as to the severance damages Rinker admittedly suffered.
The burden of proof of severance damages is upon the landowner. City of Fort Lauderdale v. Casino Realty, Inc., 313 So.2d 649 (Fla. 1975). Therefore, in the absence of an order of the trial court requiring the condemnor to go forward in its case in chief and prove all damages (See Casino Realty, Inc., supra), even those as to which the landowner generally has the burden of going forward, the condemnor is not required before resting its case in chief to adduce proof of severance damages. From our study of the record we are unable to find any order of the trial court requiring the Department to go forward with the proof of severance damages in its case in chief. The most that can be said for this record is that the trial court ruled the Department could not adduce proof through Johnson as to cost to cure damages, but Johnson could testify to value of the land and improvements taken and severance damages. The Department continued to assert the right to have Johnson testify to the entire package. Finally, the Department elected to leave out all Johnson's testimony on damages except as to value of the land and the improvements taken. During one of the colloquies between the court and counsel for the Department, counsel states:
"Your Honor, I must take the position that if the witness [Johnson] cannot testify to cost to cure, then he is unable to testify to severance damages; and we will request the jury instruction to the effect that the range of severance damage testimony will go from zero to the value of the landowner's appraisal... . If he cannot do that, I don't believe that he can testify to severance damages; and I don't intend to put testimony on, Your Honor."
We hold it was error for the trial court to strike the Department's evidence *361 of value of the land and improvements taken because the Department did not also adduce evidence of severance damages. Without an order as suggested in Casino Realty, Inc., supra, we believe the Department could adduce proof of the value of land and improvements taken and rest, and on rebuttal put on testimony as to its view of the severance damages to contradict the landowner's proof of this element of damage. However, the error in striking the Department's evidence of value of the land and improvements taken was harmless because the jury found the value of the land and improvements taken was about one-half of what Johnson, on behalf of the Department, testified it was worth. Thus, the Department was not prejudiced by the striking of Johnson's testimony. What is more, the department failed to make any attempt at rebutting the severance damage evidence that Rinker presented.
The Department's main complaint on this appeal is the trial court's ruling that Arnold was not qualified to testify on the issue of the cost to cure the severance damages. As the Second District Court of Appeal, in Harbond, Inc. v. Anderson, 134 So.2d 816, 819-820 (Fla. 2d DCA 1961), said:
it is axiomatic that the matter of whether or not a witness is qualified to testify as to value of specified lands is a question which must be left in large part to the discretion of the trial court. Wigmore on Evidence, section 561, p. 641; 32 C.J.S. Evidence § 545, p. 305.
Professor Wigmore describes the trial court's discretion in this area as an almost unqualified discretion. We have carefully considered the Department's position in this regard, recognizing as we do that the ruling in question pulled the rug from under the Department's case. However, in view of the sound discretion vested in the trial court in matters of this nature (see, e.g., Upchurch v. Barnes, 197 So.2d 16 [Fla. 4th DCA 1967]), we are unable to find an abuse thereof. We simply are unable to characterize the trial judge's ruling as arbitrary, fanciful, or unreasonable, nor can we say that no reasonable man would take the view adopted by the trial judge. At the very least, we think reasonable men could differ on the question presented. Thus, the exercise of discretion under review meets the test as established by the Supreme Court of Florida in Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).
In view of the foregoing, the judgment appealed from is affirmed.
AFFIRMED.
GLICKSTEIN, J., and FUTCH, M. DANIEL, Jr., Associate Judge, concur.