CAMPBELL, Judge,
dissenting.
I respectfully dissent. The television set alleged to have been stolen was a Zenith Chromacolor II color television in working condition at the time it was stolen from the room rented to appellant at the Sheraton Motor Inn in Fort Myers. As stated by the majority, the television set was introduced into evidence for the jury to see. Also as noted by the majority, Mr. McClung, in charge of the motel on the night the television was allegedly stolen, stated his opinion as to its value was, “It’s just my personal opinion to it being a TV.”
The majority cites Salvage & Surplus, Inc. v. Weintraub, 131 So.2d 515, 516 (Fla. 3d DCA 1961), for the proposition that ownership of property by a corporation does not automatically qualify an officer of the corporation to testify as to its value. The court there, however, recognized, as does the majority, that an individual owner of *693 property may testify as to value though not qualified as an expert. In that case the court explained that the rule is based upon the individual owner’s “familiarity with the characteristics of the property, knowledge or acquaintance with its uses or purposes, and experience in dealing with it.” The court concluded that an officer of a corporation may likewise testify as to value when in the position of having the “knowledge of the character and uses of property as in the case of an individual owner.”
It is my opinion that the trial judge here made such a determination in regard to the testimony of Mr. McClung.
Rogers v. O.K. Bus & Baggage Co., 46 Okl. 289, 148 P. 837, 839 (1915), states what is in this writer’s opinion the preferred rule:
This ruling of the court seems to be upon the theory that it required expert testimony to establish the value of the trunk and the contents thereof, and that the witnesses have not shown themselves qualified by reason of special knowledge or information as to the value of goods of that class and character to place a value thereon. In this the court committed error. It is well established in this state that expert witnesses are not needed to prove the market value of chattels in common use, where such value is within the knowledge of persons of ordinary intelligence and experience, and that, where a witness testifies generally as to the value of articles in common use, it will be assumed that the market value is meant, unless it appears from the testimony of the witness that he bases the value given upon some other consideration. Such has been the holding of this court practically since its organization.
Later, in O.K. Transfer & Storage Co. v. Neill, 59 Okl. 291, 159 P. 272, 275 (1916), the court quoted Rogers with approval saying:
Complaint is also made as to the competency of the witnesses who testified. It is not necessary to have experts to testify to the value of household goods and wearing apparel, if the witnesses are reasonably familiar with the goods concerning which they are testifying.
That rule is in harmony with section 90.701, Florida Statutes (1979), providing that non-expert witnesses may offer opinion evidence when “[T]he opinions and inferences do not require a special knowledge, skill, experience, or training.”
Finally, as this court held in Harbond, Ine. v. Anderson, 134 So.2d 816 (Fla. 2d DCA 1961), the qualification of a witness to testify as to value must be left in large part to the discretion of the trial court. Judge Downey writing in Division of Administration v. Saemann, 399 So.2d 359, 361 (Fla. 4th DCA 1981), quotes Harbond with approval and adds further, “[PJrofessor Wig-more describes the trial court’s discretion in this area as an almost unqualified discretion.”
I would affirm the judgment and sentence of the trial court.