DOWNEY, Judge.
This is an interlocutory appeal from an order abating this action for improper venue and transferring it from the Seventeenth Judicial Circuit in Broward County to the Sixth Judicial Circuit in Pinellas County, Florida.
The first count of the Second Amended Complaint alleges in paragraph 3 that “This is an action upon a decree of divorce heretofore entered herein between the Plaintiff, Barbara Radziwon, and the Defendant, David J. Gutillo, incorporative (sic) a Property Settlement Agreement....” It is further alleged that in said agreement appellee David Gutillo agreed to pay $35.00 per week for support of appellant and $21.00 per week as child support for the minor child of the parties. It is alleged that he never made any payments and appellant demands judgment for $41,944.00, plus interest.
Appellees sought abatement and transfer of the cause to Pinellas County, the county of their residence.
Appellant contends the proper venue is Broward County, the residence of the payee of the obligation for support. She argues that the cases cited by the trial court do not support a change in venue because this is a common law action for *453 child support rather than one for domestication of a foreign divorce proceeding.
The second amended complaint alleges that the parties were divorced by a judgment entered in Juarez, Mexico, which incorporates a separation agreement of the parties. As heretofore stated, the complaint purports to allege a cause of action based upon the judgment and separation agreement. Regardless of what appellant would like to call her stated cause of action, it appears to us that venue should be laid in Pinellas County. Ruscoe v. Ruscoe, 327 So.2d 93 (Fla. 4th DCA 1976); accord McIntire v. McIntire, 352 So.2d 142 (Fla. 1st DCA 1977).
Accordingly, the order appealed from is affirmed.
ANSTEAD, C.J., and HURLEY, J., concur.