GRIMES, Acting Chief Judge.
This is an appeal from an order denying a motion to dismiss and to transfer for improper venue.
Appellee (putative father) filed suit in Polk County seeking to be determined the natural father of a child born to appellant (mother) in Hillsborough County. After a summons was served upon the mother, she wrote a letter to the court requesting an extension to respond by reason of her absence from the state to attend a death in her husband’s family. The next document which appears in the file is a notice of final hearing. Thereafter, the mother, through an attorney, filed a motion to continue the final hearing on the ground that the case was not at issue. The court entered an order continuing the final hearing and directing the mother to file responsive pleadings within seven days. The mother then filed a motion to dismiss and to transfer the case to Hillsborough County on the ground that Polk County was an improper venue. The court denied the motion, thereby setting the stage for this appeal.
The mother and the child both live in Hillsborough County. While the putative father’s residence is never stated in the pleadings, it is implicit that he lives in Polk County. The argument he makes here and which from the wording of the order of denial was apparently accepted by the court below is that venue in this action is controlled by section 742.021, Florida Statutes (1985). That statute provides that proceedings under chapter 742 may be filed in the county in which either the mother or *994 the putative father resides. The problem with this argument, however, is that chapter 742 is limited to paternity actions brought by the mother.
In Kendrick v. Everheart, 390 So.2d 53 (Fla.1980), our supreme court upheld chapter 742 against a constitutional attack as properly providing a basis for mothers to prosecute paternity actions against putative fathers in order to obtain child support. At the same time, the court ruled that a father may seek a legal determination of paternity by bringing a suit for declaratory judgment under chapter 86. The court made no suggestion that the venue provisions of chapter 742 would be applicable to declaratory judgments prosecuted by the putative father. As a consequence, we hold that the venue of this declaratory judgment action must be determined according to the general venue statute. When section 47.011, Florida Statutes (1985), is applied to this case, venue clearly lies in Hillsborough County.
While neither the court nor the parties specifically address it, we have also considered the question of whether the mother’s failure to attack venue at the same time she filed a motion to continue the final hearing could constitute a waiver. See Gross v. Franklin, 387 So.2d 1046 (Fla.3d DCA 1980). In this instance, we have concluded that a waiver did not occur. The motion for continuance was addressed to the setting of a final hearing which was not authorized by the Florida Rules of Civil Procedure because the case was not at issue. Since the mother’s attorney was “under the gun” to extricate his client from the prospect of an unauthorized final hearing, we cannot say that his failure to include a motion for change of venue along with his motion for continuance constituted a waiver. It should be noted that the possibility of waiver prescribed by Florida Rule of Civil Procedure 1.140(h) does not come into play until the filing of motions under subdivisions (b), (e) or (f) of that rule, or in the absence of such motions, the filing of a responsive pleading.
We reverse the subject order and remand with directions that the case be transferred to Hillsborough County.
SCHOONOVER and FRANK, JJ„ concur.