518 So.2d 353 (1987)
HARRISON LAND DEVELOPMENT, INC., Appellant,
v.
R AND H HOLDING CO., INC., a Florida Corporation, the Successor by Merger of NGH Investments, Inc., and John D. and Catherine T. MacArthur Foundation, an Illinois Not-for-Profit Corporation, Appellees.
No. 85-1084.
District Court of Appeal of Florida, Fourth District.
December 16, 1987.
Rehearing Denied January 29, 1988.
*354 Jack Scarolo of Montgomery, Searcy & Denney, P.A., Philip Burlington and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant.
D. Culver Smith, III, and Theresa W. Parrish of Steel, Hector, Davis, Burns & Middleton, West Palm Beach, for appellee-R & H Holding Co., Inc., the successor by merger of NGH Investments, Inc.
Michael P. Mullen of Burke, Griffin, Chomicz & Weinke, P.C., Chicago, III., for appellee-MacArthur Foundation.
PER CURIAM.
This is a timely appeal from a final judgment entered in favor of NGH Investments, Inc. (NGH), and John D. and Catherine T. MacArthur Foundation (Foundation) pursuant to a jury verdict in their favor.
Appellant, Harrison Land Development, Inc., (Harrison) sued NGH for breach of a Real Estate Development Management Agreement wherein NGH and Harrison had agreed to develop certain property in St. Lucie County as a regional shopping center. The property had initially been owned by Harrison and another in a joint venture, but was sold to NGH in a transaction, which gave rise to the aforesaid Real Estate Management Agreement. It was the intention of the parties, as reflected in the Agreement, that the property would be developed over a period of five years, during which Harrison would receive fifty percent of NGH's net profit, and if profitable to the owner, NGH, the contract could be extended at Harrison's option for another five years. Furthermore, Nat Harrison, appellant's principal, was to become a director of NGH. The Agreement also provided that none of the property could be sold, leased or developed without the mutual consent of both NGH and Harrison.
After execution of the Agreement, Harrison commenced predevelopment activities and things proceeded as planned. However, John D. MacArthur, the principal involved in NGH, died in January, 1978, and the control and operation of NGH underwent some changes. In order to take title to the property in question from Harrison, MacArthur had set up a new corporation, NGH, the sole stockholder of which was another corporation, JCM, Inc., the stock of which was controlled by Bankers Life Insurance Company of Chicago, the sole stockholder of which was John D. MacArthur.
Upon MacArthur's death in January of 1978, the Foundation, which he had established in the 1970's, was activated. Because the Foundation was a charitable organization it could not own active businesses or assets. In order to decide which assets could be retained or had to be sold, the Foundation undertook to evaluate and inventory the land holdings of Bankers Life and its subsidiaries, including NGH. During the ensuing period of time, lasting until the term of the original contract had expired, Harrison attempted to generate development proposals and did submit some of them to NGH for approval without success. When the term of the Agreement expired, Harrison appeared before the directorate of NGH and requested an extension of the Agreement, but it was denied. This litigation then ensued, wherein Harrison sued NGH for breach of contract and the Foundation for tortious interference with a contract.
Harrison contends in his suit that NGH breached its implied obligation of good faith by hindering and refusing to cooperate *355 with Harrison in the performance of its obligations and also by failing to consider proposals submitted by Harrison or in rejecting them for wrongful motives.
The main issue presented at trial was based upon the good faith of NGH in failing to cooperate with Harrison and go forward with the development. Thus, a great deal of evidence was adduced regarding the manner in which NGH conducted its corporate affairs and its reasons for not acceding to Harrison's various proposals for development. In submitting the issues to the trier of fact the trial court instructed the jury on the law regarding corporate management and the necessity for contracting parties to act in good faith. Said instructions, together with a contention that the trial court erred in ruling on the presentation of expert testimony, constitute the main thrust of Harrison's appellate presentation.
During the course of the trial, the court instructed the jury, among other things, that a party's good faith cooperation is an implied condition of a contract and that good faith means honesty, in fact, in the conduct of contractual relations. Further, the court instructed that a party to a contract is not required to subordinate its own interests to the interests of the other contracting party. Harrison contends these instructions were erroneous and prejudiced its theory of the case. However, we have carefully considered the court's instruction in its entirety and fail to find any reversible error demonstrated. Nor do we find the court's instruction regarding corporate management and the duties of corporate directors a sufficient basis upon which to reverse the judgment.
Harrison also complains about the manner in which the trial court handled the expert testimony adduced by the parties. However, while there is some disagreement as to the impact of the court's rulings on the result, our consideration of the testimony admitted, and the court's exclusionary rulings, convinces us that the trial court did not err in this regard. The competency of a witness to testify as an expert and other rulings governing his testimony are uniquely within the broad discretion of the trial court. Division of Administration v. Saemann, 399 So.2d 359 (Fla. 4th DCA 1981); Upchurch v. Barnes, 197 So.2d 26 (Fla. 4th DCA 1967).
In sum, it appears that the theories espoused by the respective parties and the evidence in support thereof were fairly and adequately presented to the jury and the jury resolved the issues in a fashion supported by the record.
Accordingly, the judgment appealed from is affirmed.
DOWNEY, DELL and STONE, JJ., concur.