COBB, Judge.
The dispositive issue on this appeal is whether, in a condemnation proceeding, it is proper to instruct a jury that a landowner’s opinion as to the value of his or her own property is presumed to be correct.
The condemnors herein sought to obtain certain properties for expansion of the Orlando International Airport. One such property, parcel 20, was a narrow five-acre tract owned by George and Betty Cone. During the jury trial in regard to parcel 20, three witnesses testified as to its value. The condemnor presented expert testimony of a certified appraiser that the parcel’s fair market value as of the date of taking was $174,000.00. The Cones’ expert testified that the parcel was worth $211,600.00. Both of these expert opinions were based upon comparable sales. Betty Cone, one of the owners, testified that in her opinion the parcel was worth $608,000.00.
At the urging of the condemnees, and over objection of the condemnors, the trial court gave the following instruction:
In eminent domain proceedings, a property owner has an absolute right to place *794 whatever value he chooses on his own property, and upon presenting competent evidence tending to establish such a value, a presumption arises that the property is in fact worth that amount. Accordingly, the burden of proof is upon the condemning authority to rebut that presumption and to establish by the preponderance of the evidence that the property is worth something less. The condemning authority’s failure to do so will authorize a verdict to the full extent of the value established by the landowner.
The jury returned a verdict of $364,-450.00, from which the condemnors appeal. We reverse because it is obvious that no presumption of correctness attends a landowner’s evaluation of his or her own property in the face of contrary expert testimony as to value presented both by the landowner and by the condemnor. See Dep’t of Agric. and Consumer Servs. v. Bonanno, 568 So.2d 24 (Fla.1990); State Dep’t of Pollution Control v. Int’l Paper Co., 329 So.2d 5 (Fla.1976); Gulle v. Boggs, 174 So.2d 26 (Fla.1965).
The trial court relied upon the case of Wilkerson v. Div. of Admin., State Dep’t of Transp., 319 So.2d 585 (Fla. 2d DCA 1975) for the giving of this instruction. That case, however, does not stand for the proposition that a landowner's evaluation of his property is presumed to be correct even in the face of competent testimony to the contrary. As pointed out by the appel-lees in their brief, the Wilkerson language, which was relied upon by the trial court, is simply a description of the manner in which the burden of going forward with the evidence shifts in eminent domain cases. See City of Ft. Lauderdale v. Casino Realty, Inc., 313 So.2d 649 (Fla.1975). The case of Foster v. City of Gainesville, 579 So.2d 774 (Fla. 1st DCA 1991), also relied upon by the Cones, did not even involve the propriety of a jury instruction and is wholly inapplicable to the instant issue.
In this case, none of the valuations was presumed to be correct and the fact finder should have arrived at an evaluation from all the evidence, without consideration of any presumptions. Given the fact that this verdict exceeded the valuation of the property owner’s expert witness by $152,850.00, it is apparent that the jury was influenced by the “presumably correct” valuation of the owner. The giving of the challenged instruction was prejudicial and constitutes reversible error. Leonetti v. Boone, 74 So.2d 551, 553 (Fla.1954).
REVERSED AND REMANDED FOR NEW TRIAL.
HARRIS, J., concurs.
GOSHORN, C.J., dissents with opinion.