IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SANDRA ANDERSON NUNEZ-MILLER,

      Appellant,

 v.                                    Case No.  5D16-356

TERRENCE MILLER,

      Appellee.

_____/

Opinion filed January 13, 2017

Non-Final Appeal from the Circuit Court
for Seminole County,
Melanie Chase, Judge.

Delaila Estefano, Coral Gables, for
Appellant.

Shannon L. Akins, of Law Offices of
Shannon L. Akins, P.A., Orlando, and
Lauren Roderick Brusca, of The Roberts
Family Law Firm, P.A., Orlando, for
Appellee.

EVANDER, J.

      Sandra Anderson Nunez-Miller ("Former Wife") appeals the trial court's non-final

order denying her Motion to Transfer Case to Miami-Dade County, Florida for Improper

Venue and Pursuant to Florida's Forum Non Conveniens Statute.  We need not address

Former Wife's forum non conveniens argument because we hold that the trial court should

have dismissed Terrence Miller's ("Former Husband") Verified Petition to Register a Foreign Decree Order in Florida and his Amended Supplemental Petition to Modify Final Judgment of Dissolution of Marriage for improper venue.

The parties were married in Miami on May 28, 2005. They lived in Miami until December 21, 2006, at which time they moved to Germany. The parties separated while living in Germany. Former Husband relocated to Seminole County and Former Wife subsequently relocated to Miami-Dade County. Prior to relocating to the United States, Former Wife obtained a final judgment of dissolution of marriage in Germany on December 18, 2014. The final judgment awarded her "sole parental custody" of the parties' minor child.

On January 16, 2015, Former Husband filed a petition for dissolution of marriage in Seminole County. On that same date, he also filed, ex parte, his Emergency Verified Motion for Majority Time-Sharing, to Suspend or Restrict Respondent's Time-Sharing, for Sole Parental Responsibility Including School Designation, and Revocation of the Minor Child's Passport and his Emergency Motion for Child Pick-Up Order. Pursuant to the subsequently entered ex parte emergency pick-up order, the minor child was removed from Former Wife's custody in Miami-Dade County and placed with Former Husband in Seminole County. Former Wife immediately filed her own emergency motion to have the child placed back in her custody.

On January 26, 2015, the parties tentatively resolved their competing emergency motions by entering a stipulation providing for a temporary time-sharing arrangement. On that same date, Former Husband also filed his Verified Petition to Register a Foreign Decree Order in Florida and his Amended Supplemental Petition to Modify Final

2

Judgment of Dissolution of Marriage. In response, Former Wife subsequently filed her motion to transfer the case to Miami-Dade County, as well as her affidavit in support thereof. After a non-evidentiary hearing, the trial court denied Former Wife's motion.

Section 47.011, Florida Statutes (2015) applies to actions to establish a foreign divorce decree as a Florida judgment. *See Ruscoe v. Ruscoe*, 327 So. 2d 93, 94 (Fla. 4th DCA 1976). That statute provides that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." § 47.011, Fla. Stat. (2015). Accordingly, Florida courts have determined that an action to establish a foreign divorce decree as a Florida judgment is to be filed in the county where the responding party resides. *See McIntire v. McIntire*, 352 So. 2d 142, 143 (Fla. 1st DCA 1977) ("[W]hen a complaint to establish a foreign decree is brought, F.S. 47.011 controls and the action should be brought in the county where the responding party resides."); *Ruscoe*, 327 So. 2d at 94 (holding that in action to establish foreign divorce decree as Florida judgment, the only venue alternative under section 47.011 was county where respondent resided). Because Former Wife resides in Miami-Dade County, that county was the proper venue for Former Husband's petition to register a foreign decree order in Florida.

Furthermore, pursuant to section 61.13(2)(d), Florida Statutes (2015), the proper venue in Florida for Former Husband's Amended Supplemental Petition to Modify Final Judgment of Dissolution of Marriage was in Miami-Dade County. Section 61.13(2)(d) provides that the proper venue for an action to modify a parenting plan is "[t]he circuit court in the county in which either parent and the child reside or the circuit court in which the original order approving or creating the parenting plan was entered." Here, the original

3

parenting plan was entered by a German court and the minor child resides with Former Wife in Miami-Dade County.

Finally, we reject Former Husband's suggestion that Former Wife waived her venue argument by failing to raise a venue objection at the time she filed her emergency motion for return of the minor child. Former Wife's emergency motion was filed in response to the Seminole County circuit court exercising emergency jurisdiction over the minor child. Indeed, her motion was filed prior to the filing of Former Husband's petition to register the German judgment in Florida and his amended supplemental petition to modify. In response to those petitions, Former Wife filed her motion challenging Former Husband's venue selection. *See Beckles v. Grover*, 496 So. 2d 993, 994 (Fla. 2d DCA 1986) (holding that mother's failure to challenge venue at same time she filed emergency motion to continue an unauthorized hearing did not constitute waiver).

On remand, the trial court is directed to dismiss Former Husband's Verified Petition to Register a Foreign Decree Order in Florida and his Amended Supplemental Petition to Modify Final Judgment of Dissolution of Marriage because venue was improper in Seminole County.

REVERSED and REMANDED.

SAWAYA and WALLIS, JJ., concur.