CARROLL, DONALD K., Judge.
In this automobile-bus collision case, after the jury brought in a verdict for the plaintiff, the defendant filed a motion for a judgment in accordance with its prior motion for directed verdict or, in the alternative, a motion for a new trial. The trial court entered an order, which is appealed here, granting the motion for judgment for the defendant and provided that, in the event that the judgment is reversed on appeal, the alternative motion for a new trial to be granted. Final judgment for the defendant was entered on this order and this appeal ensued.
The trial court indicated in this order that the basis of its ruling was its belief that it had committed error in charging *481 the jury on the doctrine of last clear chance and that the .verdict was against the manifest weight of the evidence. Without a lengthy elaboration of these facts, suffice it to say that we have carefully examined the record here and are of the opinion that the evidence adduced at the trial was sufficient for the jury to have properly applied the doctrine of last clear chance and to have returned a verdict for the plaintiff. Under these circumstances, it was error to enter judgment for the defendant and that judgment is hereby reversed.
The ruling of the trial court granting the alternative motion for new trial contingent upon this court’s reversal of its final judgment presents a separate and somewhat more unique question from those discussed in the preceding paragraphs of this opinion. Although the language of Rule 2.7, Florida Rules of Civil Procedure, 31 F.S.A., indicates that the trial court may set aside a jury verdict by either granting the renewed motion for a directed verdict or granting the motion for new trial, but not both, an examination of Official Form Six which was promulgated by the Florida Supreme Court for use by the Bar in conjunction with Rule 2.7, and the decisions of the Federal Courts under Rule SO, Federal Rules of Civil Procedure, 28 U.S.C.A., which is similar to our Rule 2.7, leads us to the conclusion that the trial court was correct in ruling upon both motions in the alternative manner described above. See: Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147; 31 F.S.A., Florida Rules of Civil Procedure, Rule 2.7, Form 6.
Having reversed the judgment based upon the renewed motion for directed verdict, we are now confronted with the order granting the new trial. It is well established that a motion for new trial is directed in the sound exercise of the trial court’s broad judicial discretion and that the trial court’s ruling should not be disturbed by an appellate court in the absence of a clear showing that it has abused that discretion. Cloud v. Fallis, Fla.1959, 110 So.2d 669. Our examination of the record in this case does not reveal a clear showing of such abuse.
The judgment is reversed and the cause is remanded for a new trial in accordance with the trial court’s order granting the same.
WIGGINTON, C. J., and STURGIS, J., concur.