THOMAS, Justice.
This litigation is the outgrowth of a collision between a car occupied by a man and his wife, now petitioners, and a car driven by the respondent.
A motion by plaintiff for summary judgment was granted as to liability and the cause then proceeded to trial on the sole issue of damages. The jury returned a verdict of $412.80 for the wife and $168. for the husband. The plaintiffs being aggrieved by awards which they considered meager filed a motion for new trial. The judge granted the motion, and, on his own account, remanded the cause to the Civil Court of Record of Dade County inasmuch as he believed the plaintiff could not in good conscience claim as much as $5000'. in damages, the requisite amount to vest jurisdiction of the case in the Circuit Court of the Eleventh Judicial Circuit.
*689 The defendant appealed from the order granting the new trial but the plaintiff filed no cross-appeal challenging the order of transfer.
When the matter reached the District Court of Appeal, Third District, as the author of the opinion of the court commented, an unusual situation was presented because the litigant against whom a verdict was rendered strove to uphold it. Moreover, while the attitude of the defendant indicated the amount of the verdict was not improper, the action of the plaintiffs in not appealing from the order of transfer reflected their opinion that a verdict for $5000., the amount over which the circuit court has jurisdiction, would not be too low. In addition, the defendant seems to have accepted the ruling fixing upon him responsibility for the damage.
In his order granting the new trial, the judge had based his ruling on the sole ground that he had found “no competent evidence * * * to support the verdict * * The District Court of Appeal in pinpointing the only question before that body said it should be determined “whether or not the record in this cause shows competent evidence to sustain the jury’s verdict.” (Italics in this paragraph supplied.)
The single point urged here by the petitioners is that the decision of the District Court of Appeal directly conflicts with one of the District Court of Appeal, First District, in King v. Jacksonville Coach Company, Fla.App.1960, 122 So.2d 480, and upon our preliminary examination of the file, we thought there was good reason to hear the matter on the jurisdiction and the merits
Parenthetically, we state for the information of the bench and bar of the state that petitions for certiorari on the ground of conflict between the decision sought to be reviewed and a decision of another district court of appeal or a decision of this court normally fall in three categories. If the members of the court to whom the case is assigned decide on first examination that there is not present a genuine problem, the-petition is simply endorsed to be denied and that ends the matter. If it seems clear that a conflict has developed then the cause is-placed on the docket for argument on the-merits. If the members of the court have no fixed view about the conflict, hence the jurisdiction, the cause is placed on the docket for argument on the question of jurisdiction as well as the merits. Thus the court is not committed on the question of jurisdiction but indicates that the advice of counsel on that feature is desired. The procedure for hearing the merits in such instances is intended to be an accommodation, to counsel so that the two phases of the-litigation can be evolved in one presentation. And it should be commented that in any event the decision must be one accepted: by at least four members of the court, so-that if the matter is preliminarily considered by a panel of five justices and two of them disagree with their three colleagues,, it then goes to the remaining two justices.
Now, back to the point in controversy,— the instant case was endorsed to be heard', on the two phases which, as has just been, written, signified a lack of commitment to-jurisdiction and a desire for advice from counsel on that aspect of the litigation.. This attitude was largely induced by the use of the term “competent evidence” in the-opinion of the District Court of Appeal, an. expression discouraged and a yardstick rejected in Cloud v. Fallis, Fla., 110 So.2d 669, when this court clarified the rule that: the granting of a motion for new trial was-an action within the sound discretion of the trial judge and that the ruling should, not be disturbed except upon a clear showing by the appellant that the discretion had' been abused. We said in that case that it. was the “duty” of a trial judge to grant a. motion for new trial if he concluded that, the verdict was “against the manifest weight of the evidence” and in a later case, Bennett et al. v. Jacksonville Expressway Authority, Fla., 131 So.2d 740, we approved; the action of the trial judge in granting ai *690 motion for new trial when he had stated he was “shocked” by the amount of a verdict.
In King v. Jacksonville Coach Co., supra, with' which the petitioners charge the decision by the District Court of Appeal in the present case is in discord, the court followed precisely our opinion in Cloud v. Fallis, supra, when we rejected the so-called ‘competent substantial evidence rule’ and embraced the ‘broad discretion’ rule for testing the merits of orders granting motions for new trial.
The able judge who tried the present case, and eventually granted the motion for new trial, was motivated by the belief that there was “no competent evidence” to sustáin the verdict while the District Court of Appeal entertained the belief that there was “ample” evidence to justify the jury’s finding if the jury chose to believe it. We do not find in the trial judge’s observation a strong enough conviction to cocoon his ruling with a discretion impervious to examination and upset by the reviewing tribunal. In effect he disagreed with the jury but his view was not so strong as to stamp the verdict as “shocking” or “manifestly against the weight of the evidence” or as possessing any such equivalent characteristic as would require the exercise of a soundly discretionary act to thwart rank injustice as distinguished from the view, formed in this case and gathered from conflicting testimony, that the verdict should be something more than $168.00, or $412.80, and something less than $5000.
After mature study in the light of the arguments and the briefs, we conclude that no conflict has been demonstrated and that the decision of the District Court of Appeal should not be overturned so—
The writ of certiorari is discharged.
ROBERTS, C. J., and TERRELL, THORNAL and O’CONNELL, JJ., concur.