355 So.2d 841 (1978)
Myrtle I. BRYANT, Wiley W. Bryant and Cargo Gasoline Company, Inc., Appellants,
v.
DIVISION OF ADMINISTRATION, STATE OF FLORIDA DEPARTMENT OF TRANSPORTATION and City of Jacksonville, Appellees.
No. BB-250.
District Court of Appeal of Florida, First District.
March 1, 1978.
David W. Foerster of Foerster & Hodge, Jacksonville, for appellants.
Donald R. Hazouri, Jacksonville, Winifred Sheridan Smallwood, Tallahassee, for appellees.
MILLS, Judge.
The Bryants and Cargo appeal from a final judgment entered in an eminent domain *842 action following a jury trial. The Bryants and Cargo contend the trial court erred in permitting the Department and the City to implement the construction plans at trial by adducing evidence of the Department's turnout and dropped curb policy. Cargo contends the court erred in denying its motion for a directed verdict on the issue of business damages and erred in instructing the jury that in order to award business damages the jury had to first award severance damages.
The Department and the City filed a copy of the construction plans with the clerk at the time they filed their petition for condemnation. The plans called for a six-inch raised curb around the property of the Bryants and Cargo. Prior to the first pre-trial conference the Bryants and Cargo directed a motion for more definite statement to the Department and the City seeking to determine whether six-inch curbs would be constructed around the property as shown by the construction plans. The court granted the motion and ordered the Department to file amended construction plans showing the precise location, design and type of construction of any and all ingress and egress from the roads to the remaining land of the owners after the taking. The Department was to indicate the width of the access points and their distance from the intersection but the specific location was to be designated by the Bryants and Cargo. The order further provided that if the Department failed to comply with the order, the trial would proceed on the basis of the construction plans originally filed with the clerk. Neither the Department nor the Bryants and Cargo complied with the order. At the trial, the district right-of-way engineer of the Department, over the objection of the Bryants and Cargo, testified to the precise location where dropped curbs would be permitted should the Bryants and Cargo desire.
The Bryants adduced evidence of damage to the remainder. The Department and City adduced evidence that there was no damage to the remainder and no adverse effect to the portion left by the taking.
Cargo adduced evidence that its business damages were $58,300. The Department and City did not offer rebuttal testimony. Cargo's motion for a directed verdict on this issue was denied.
The court instructed the jury, without objection, that it was required to first find there were severance damages before an award of business damages could be allowed.
The construction plans filed by the Department and the City with the clerk at the time they filed their petition for condemnation were not required to be fully and finally prepared at that time. Once the plans were introduced into evidence, however, the Department and the City were bound by them, subject to explanation by an authorized engineer of the way in which the public project would be constructed. Central & South Florida Flood Control District v. Wye River Farms, Inc., 297 So.2d 323 (Fla. 4th DCA 1974). In the case before us, the court had ordered the Department to file amended construction plans showing the precise location, design and type of construction of all ingress and egress from the roads to the remaining land, indicating the width of the access points and their distance from the intersection. The court, however, also ordered the Bryants and Cargo to designate the specific location of the points. None of the parties complied with the order. Under these circumstances the court did not err in permitting the Department's district right-of-way engineer to implement the construction plans by testifying to where dropped curbs would be permitted if the Bryants and Cargo desired.
The only evidence presented on the issue of business damages was testimony by Cargo's expert witness. He testified that Cargo's business damages were $58,300. No rebuttal testimony was offered by the Department and the City. Cargo moved for a directed verdict on this issue. The court denied the motion and properly denied it. Our Supreme Court has recently stated, under circumstances similar to those in the case before us, that:

*843 "... the property owners' expert testimony was the maximum amount requested, not a minimum amount admitted... .
"In considering an expert's testimony the jury must be guided by the greater weight of the evidence, and it remains the jury's province to determine the weight and credibility to be given an expert's testimony... . Compensation in an eminent domain case is by our constitution committed for final determination to the jury, not to an expert." Behm v. Division of Admin., State of Fla. Dept. of Trans., 336 So.2d 579 (Fla. 1976).
Cargo's contention that the court erred in instructing the jury that in order to award business damages the jury had to first award severance damages is without merit. The point has not been preserved for appeal because the record reflects no objection on Cargo's part to the charge given the jury. But even so, under the peculiar facts of this case it was not error to give the charge. Severance damages and business damages were predicated on difficulty of getting onto and off of the remaining land. If the jury found the remaining land was not damaged by this alleged difficulty, then logically no business damage could result from the same alleged difficulty.
The judgment appealed is affirmed.
BOYER, Acting C.J., and ERVIN, J., concur.