408 So.2d 1056 (1981)
DIVISION OF ADMINISTRATION, STATE OF Florida DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Leo DECKER, Carl Shepard and Dora J. Shepard, His Wife, Appellees.
Nos. 80-2206, 81-809.
District Court of Appeal of Florida, Second District.
November 13, 1981.
Rehearing Denied January 12, 1982.
*1057 Alan E. DeSerio, Appellate Atty., Jeff Savlov, Trial Atty., H. Reynolds Sampson, General Counsel, Department of Transportation, Tallahassee, for appellant.
H. Rex Owen and Bruce C. Crawford of Owen & McCrory, St. Petersburg, and Thomas M. Gallen of Miller, Gallen, Kaklis & Venable, Bradenton, for appellees.
CAMPBELL, Judge.
The State Department of Transportation (DOT) appeals the damages awarded for a temporary construction easement imposed on appellees' property, parcel 704, along with the attorney's fees awarded to appellees' trial counsel.
In its petition for condemnation, DOT specifically requested no more than six feet along one border of the parcel, adjacent to State Road 683 (U.S. 301) "for the purpose of tying in and harmonizing" the property with proposed road construction. Located on the parcel was an ongoing truss business which had been in existence approximately sixteen years. Appellees responded and the trial court entered an order of taking. This order adopted verbatim the description of the condemned estate offered by DOT which concluded:
THIS EASEMENT is granted upon the condition that the sloping and/or grading upon the above land shall not extend beyond the limits outlined above, and that all grading or sloping shall conform to all existing structural improvements within the limits designated, and all work will be performed in such manner that existing structural improvements will not be damaged.
THIS EASEMENT shall expire upon the completion of the construction of the said road... .
At the trial for damages, DOT proffered the testimony of its expert engineering witness who interpreted the construction plans and a right-of-way map which had been admitted into evidence, partially for the purpose of showing the uses to which the parcel would be put. Appellees objected to this testimony and the trial court refused to allow this witness to testify regarding the proposed use of the property, but stated it would allow DOT's petition to speak for itself. A proffer was made of additional testimony to be offered by this expert during which he explained DOT's policy of providing continuous access to businesses when a construction easement is taken, relying on the policy set forth in DOT's Standard Specification for Road and Bridge Construction Manual of 1977. He further indicated that there would be no borrow pits, drainage ditches, service roads, or any other construction on the six foot easement, according to the plans entered into evidence, but the parcel would be subject only *1058 to grading necessary to harmonize the property adjacent to the construction with the new pavement. The trial court again excluded the testimony in favor of reliance on DOT's petition.
Thereafter, DOT called its expert appraisal witness to offer a fair market value estimate of the interest taken in the parcel. The trial court granted appellees' motion to strike all of this testimony on the ground that it was based on the unsupported premise that the construction would not damage existing structures on the remainder of the property. DOT did not offer any evidence of business damages because of its premise that there would be no such damages.
Appellees presented the testimony of an attorney specializing in real property, a land surveyor, and a business damage expert, each of whom testified that none of the restrictive language in the order of taking, limiting the state's use of the parcel, was binding on DOT. According to these witnesses, the areas in front of the buildings adjacent to the easement were subject to any number of construction activities which could totally eliminate ingress and egress to the business for a substantial length of time. This testimony was in direct conflict with the proffered but excluded testimony of DOT's expert engineering witness.
Since the only evidence of the easement's value was that offered by the landowners, the trial court chose to grant a directed verdict on the fair market value of the interest taken. Severance and business damages were left as questions of fact for the jury to determine. DOT appeals from the final judgment awarding the landowners a total of $776,000 for the fair market value of the easement, severance and business damages. We reverse and remand for a new trial.
Appellant's counsel raises numerous points on appeal, three of which merit discussion. First, DOT contends the trial court erred in excluding all of the testimony given by its engineering and appraisal witnesses because they based their opinions on construction plans already entered into evidence and on DOT policy, as described in the official specification manual promulgated by the Department. Second, appellant argues it was error for the lower court to grant a directed verdict on the fair market value of the easement taken. The final issue to be considered is the attorney's fees awarded below.
The trial court properly admitted the plans and specifications for the purpose of providing a positive declaration from DOT of the manner in which the condemned property will be utilized. Doty v. City of Jacksonville, 106 Fla. 1, 142 So. 599 (1932). However, we agree with appellant that once this evidence was admitted, DOT was bound by it and it was proper for the DOT witnesses to base their valuation estimates on the use of the easement as limited by the plans and specifications. Central & Southern Florida Flood Control District v. Wye River Farms, Inc., 297 So.2d 323, 327 (Fla. 4th DCA 1974), cert. denied 310 So.2d 745 (Fla. 1975). Appellees argue that there remained ambiguities even with the admission of the plans and specifications because the interpretations by DOT's witnesses made it unclear what rights were acquired in front of the buildings along the easement. There was also conflicting evidence presented regarding the commencement and completion dates of the highway project. Nevertheless, conflicts in testimony did not give the trial judge the discretion to exclude all of DOT's expert testimony and any challenge to the experts' premises should have come from appellees on cross-examination. See City of St. Petersburg v. Vinoy Park Hotel Co., 352 So.2d 149, 152 (Fla. 2d DCA 1977) ("[I]t is not necessary that the city establish or show precisely when the proposed use would be developed or come into being.")
Notably, the landowners would not be without a remedy if, after damages are awarded in this taking, the Department failed to adhere to the construction easement limitations. As the Wye River Farms court stated:

*1059 If a project is not constructed in accordance with plans and specifications received in evidence, the remedy of the landowner is to come back into court and claim additional damages. Poe v. State Road Department [Fla.], 1st D.C.A. 1961, 127 So.2d 898; State Road Department v. Lewis, [Fla.], 1st D.C.A. 1963, 156 So.2d 862.
297 So.2d at 329. Facts similar to this case were examined in Bryant v. Division of Administration, State Department of Transportation, 355 So.2d 841 (Fla. 1st DCA 1978). In Bryant, the landowners argued that the trial court erred in permitting the condemnors to present evidence of DOT's turnout and dropped curb policy to explain how the plans and specifications would in fact be implemented. Citing Wye River Farms, the Bryant court held that once the plans were entered into evidence, the condemnors were bound by them, subject to explanations by the condemnors' expert witness of how the project would be constructed. 355 So.2d at 842. In addition, the landowners challenged the trial court's denial of their motion for a directed verdict on business damages, arguing that their expert had established a business damage figure which was left unrebutted by the condemnors. The First District Court of Appeal held that even though the valuation offered by the landowners' expert could be considered as a maximum, the jury could properly render a verdict less than that maximum even without rebutting testimony, as it is within the jury's province to determine the weight and credibility to be given to the expert's testimony. Id. at 843. See Behm v. Division of Administration, State Department of Transportation, 336 So.2d 579 (Fla. 1976) (Florida's constitution mandates a jury's determination of compensation in eminent domain.)
Applying the Wye River Farms doctrine to the instant case, we find it was error to exclude DOT's engineering and appraisal witnesses because their proffered testimony was based on their opinions as to the proposed construction according to the plans and specifications as restricted by the DOT policy manual. We further hold that, according to Behm and Bryant, it was error to grant a directed verdict on the fair market value of the easement merely because DOT's appraisals had been stricken and the only estimates left in evidence were those offered by the appellees.
In a consolidated case, DOT appeals the award of $200,000 to appellees' attorneys at the trial court level. Since we are remanding this case for a new trial, we reverse this award. However, we grant attorney's fees to appellees on this appeal in an amount to be set by the trial court, noting that section 73.131(2), Florida Statutes (1979), mandates the award of such attorney's fees when the petitioner (condemnor) takes an appeal.
REVERSED and REMANDED.
BOARDMAN, Acting C.J., and GRIMES, J., concur.