445 So.2d 1043 (1984)
The COUNTY OF VOLUSIA, a Political Subdivision of the State of Florida, Appellant,
v.
Peter L. NILES, Appellee.
No. 83-502.
District Court of Appeal of Florida, Fifth District.
January 26, 1984.
Rehearing Denied February 14, 1984.
*1044 David A. Monaco of Cobb & Cole, P.A., Daytona Beach, for appellant.
William L. Coalson of Greene & Greene, P.A., Jacksonville, for appellee.
COBB, Judge.
The trial court granted the appellee, Peter L. Niles, the condemnee below, a new trial on severance damages after a zero jury verdict on that issue. The appellant/condemnor, County of Volusia, contends that the trial court's order constituted an abuse of discretion, and that it was entitled to judgment pursuant to the jury verdict.
This cause was commenced when the County filed a condemnation action to acquire a large, rectangular piece of land consisting of several city blocks within the City of Daytona Beach for the construction of a civic center. Niles was the owner of a lot within the condemned area, Parcel 119. He contended that the taking of this lot caused severance damage to a business property he owned and operated outside of the area of taking, a private bottle club known as "The Foxy Lady." The latter was located at 720 Auditorium Boulevard, whereas the auxiliary parking lot which was taken was located between Grandview Avenue and Coates Street, some 350-400 feet distance from "The Foxy Lady." The parties stipulated at trial that the value for *1045 the taking of Parcel 119 was $139,600. Thus, the only remaining jury issue was the claimed severance damage to "The Foxy Lady" property.
After he purchased "The Foxy Lady" property in 1976, Niles complied with the City's zoning ordinance relating to required parking for his club by leasing various locations for off-site parking, which was required by the zoning ordinance to be within 400 feet of the club. Eventually, he purchased Parcel 119 to satisfy the parking requirement. Niles testified that after the taking of Parcel 119 by the County, he received a letter from the chief building official of the City stating that the applicable zoning ordinance allowed him two years from the date of taking to find replacement parking for "The Foxy Lady." Niles also testified that the City had modified its position subsequent to this letter, but the trial court refused to allow the County to inquire as to the nature of this modification in its attempt to show that the City subsequently had informed Niles that he could operate indefinitely as a nonconforming use without replacement of the off-site parking.
Two qualified appraisers, Roy F. Smith, Jr., and Gary E. Bullard, testified for the condemnee. Essentially, it was their opinion that the taking of Parcel 119 would render "The Foxy Lady" property valueless except for its land value at the expiration of the two-year period from the date of the taking. In other words, at that point in time the structure on the property would add nothing to its value. Each allocated a depreciated value to the structure for the interim two-year period. Smith set the severance damage at $161,200, Bullard at $137,300. Each appraiser based his assessment on the assumptions that the off-site parking was legally required within two years' time and was irreplaceable. The first assumption was untrue, the second unsupported by any evidence at trial. Cf. Hill v. Marion County, 238 So.2d 163 (Fla. 1st DCA 1970).
The County attempted to call the chief building official of the City of Daytona Beach, Joseph T. Holland, III, as a witness. His proffered testimony was to the effect that Niles would be able to continue the operation of "The Foxy Lady" without replacement of the lost parking because of a City zoning ordinance (Article V, § 14.4, Ordinance 78-400) relating to nonconforming lots caused by eminent domain proceedings.[1] The applicable ordinance, as set forth in footnote 1, also was proffered. The trial court rejected this proffered evidence as inadmissible, although it contradicted a basic legal premise that Smith and Bullard utilized in their appraisals. Cf., State Dept. of Transportation v. Byrd, 254 So.2d 836 (Fla. 1st DCA 1971); Anderson v. State Road Dept., 204 So.2d 899 (Fla. 1st DCA 1967). The stated reason for the trial judge's exclusion of this evidence from Holland was that "the activities of the Zoning Department for the City of Daytona Beach construing that ordinance one way or the other is (sic) totally irrelevant." Since it was the City's interpretation, as evidenced by a letter to Niles from Holland, that was the basis for the projected two-year limitation used by Niles's appraisers, this ruling by the trial judge clearly was erroneous, but the error ultimately was harmless. Cf., Krispy Kreme Doughnut Co. v. Cornett, 312 So.2d 771 (Fla. 1st DCA 1975), cert. denied, 330 So.2d 16 (Fla. 1976). Thereafter, the County called its appraiser, Hamilton, who testified that no severance damages were suffered because of the lack of common control and usage of *1046 the two properties, apparently relying on the DiVirgilio v. State Road Dept., 205 So.2d 317 (Fla. 4th DCA 1967), cert. dismissed, 211 So.2d 556 (Fla. 1968). The trial court struck this testimony on motion by the condemnee. Motions by the County to strike the appraisals of Smith and Bullard were denied.
The trial judge, following presentation of the evidence, gave an instruction to the jury requested by the condemnee, and objected to by the condemnor, as follows:
If you find from the evidence that the taking of Parcel 119 from Mr. Niles constitutes a taking of required parking for the building known as 720 Auditorium Boulevard and the two properties were unified in their use; that is to say, they were being used in a common enterprise or effort, you may award the owners of such property such severance damages from the lost parking as you may deem appropriate.
In addition, the trial court gave a contradictory instruction, requested by the condemnee, again over objection by the County, which essentially directed a verdict of liability against the County for severance damages, as follows:
The Court has determined and now instructs you, as a matter of law, that the defendant, PETER L. NILES, is entitled to recover from the plaintiff, VOLUSIA COUNTY, severance damages as have been shown by the greater weight of the evidence. The Court does not presume to instruct you as to the amount of such damages but only to the extent that VOLUSIA COUNTY is liable for severance damages for the taking of the offstreet parking which served 720 Auditorium Boulevard, Daytona Beach, Florida, owned by the defendant, PETER L. NILES.
After final arguments, the jury returned a verdict awarding Niles the stipulated amount for Parcel 119 and zero severance damages for "The Foxy Lady" property. Thereafter, a new trial was ordered. The order granting the new trial, which is the subject of the instant appeal, states as its justification:
* * * * * *
During the course of the jury trial on the issue of severance damages only, a number of motions were made by defendant's attorney to strike the testimony of plaintiff's witnesses, all of which motions were granted by this Court. Accordingly, little, if any, evidence favorable to plaintiff's position on the issue of severance damages went to the jury.
At trial, the Court granted defendant's motion for a directed verdict as to liability for severance damages against plaintiff and so instructed the jury in the Court's instructions to the jury. Notwithstanding the lack of evidence favorable to plaintiff on the issue of severance damages and the Court's direction of a verdict in favor of defendant as to plaintiff's liability for such damages, the jury returned a zero verdict for defendant.
The verdict was certainly contrary to the evidence for there was no evidence before the jury that could support a zero verdict on severance damages for it had all been stricken by the Court. Further, the verdict is contrary to the law of this case as the Court had instructed or directed the jury that, as a matter of law, defendant was entitled to some severance damages to his building as the result of the taking of the parking therefor.
It was this Court's responsibility to charge upon the law of the case and it was the duty of the jury, in its verdict, to conform to such charges. Therein they failed and it is now the duty of this Court to grant a new trial on the issue of severance damages only.
* * * * * *
A new trial is appropriate only if the jury verdict is against the manifest weight of the evidence or was influenced by considerations outside the record. See St. Regis Paper Co. v. Watson, 428 So.2d 243 (Fla. 1983); Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978). It is clear from the order that the lower court made no finding that the jury was influenced by *1047 considerations outside the record, and that the order is based on the proposition that the verdict was contrary to the manifest weight of the evidence.
Based on the order granting the new trial, it would appear there was a directed verdict on severance damages. However, contrary to the assertion in the above order, no such motion was made by the condemnee. On the other hand, as previously noted, one of the instructions given by the trial court indicated that the condemnee was entitled to recover such severance damages "as have been shown by the greater weight of the evidence."
Under section 73.071(3)(b), Florida Statutes (1981), an owner may be compensated for severance damages to the remainder of his land where less than the entire property is appropriated. Lee County v. Exchange Nat'l Bank, 417 So.2d 268 (Fla. 2d DCA 1982), review denied, 426 So.2d 25 (Fla. 1983). Where the taken parcel is not physically contiguous to the remaining parcel, the determination as to what may be considered adjoining property within the meaning of section 73.071 involves consideration of three factors: unity of ownership, unity of use and physical proximity. Where there is a physical separation of tracts, they are prima facie distinct but may be treated as one parcel upon proof of proximity and an integration of use so substantial that they in effect are one. DiVirgilio v. State Road Dept., 205 So.2d 317 (Fla. 4th DCA 1967).
For purposes of this appeal, we will assume, as contended by appellee, that the two parcels herein concerned were properly treated as a single parcel by the trial court as a matter of law, based on the evidence presented below and the DiVirgilio criteria. Given that assumption, the trial court correctly struck Hamilton's testimony because it was based on the conclusion that there was not a unity of use. Some severance damage, therefore, seemingly would result from the taking of a portion of the parking for the entire business property. State Dept. of Transportation v. Byrd, 254 So.2d 836 (Fla. 1st DCA 1971). Nevertheless, it must be remembered that in this trial, which involved only a claim for severance damages and not the value of taking, the burden of proof was on the condemnee, not the condemnor. City of Ft. Lauderdale v. Casino Realty, Inc., 313 So.2d 649 (Fla. 1975). It was the province of the jury, as the finder of fact, to determine the weight and credibility of the testimony of expert witnesses. Clearly, the jury rejected the damage appraisals of Smith and Bullard. Therefore, it was authorized to bring in a verdict of less than the valuations offered by those appraisers, even without rebutting testimony. State Dept. of Transportation v. Decker, 408 So.2d 1056 (Fla. 2d DCA 1981), review denied, 415 So.2d 1361 (Fla. 1982); Bryant v. State Dept. of Transportation, 355 So.2d 841 (Fla. 1st DCA 1978). That lesser amount arguably should have been for nominal damages, rather than zero damages. Indeed, it is stated in the condemnee's brief on appeal: "Had the jury returned only nominal damages, the motion for new trial would never have been filed for such a verdict would have been within the jury's province."
Timely objection is as much a predicate for the grant of a new trial by the lower court as it is a predicate for reversal on appeal, unless the error can be said to be so fundamental as to extinguish a party's right to a fair trial. Hence, as was recently pointed out in the case of Sears, Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983):
We know of no reason why a trial court should be given any greater power than an appellate court to grant a new trial based on a claimed but unpreserved error. The discretion which is said to be vested in a trial judge to grant a new trial and to which we give deference stems from his unique ability to determine, upon further reflection, whether, for example, he was correct in overruling or sustaining some objection, denying a mistrial, or giving or refusing to give a requested instruction, and whether, if incorrect, his ruling may have affected the *1048 fairness of the trial. This discretion, however, is to be exercised only with respect to preserved errors. Thus, if a trial judge, from his superior vantage point, grants a new trial in respect to a preserved error, we will reverse his order only upon a finding that he abused his discretion, even though had we reviewed that same preserved error on appeal, we, from our vantage point, might have decided that the error was not worthy of reversal and new trial. See Baptist Memorial Hosp., Inc. v. Bell, 384 So.2d 145 (Fla. 1980). But where the trial judge grants a new trial on the ground of an unpreserved error, he is not operating within the area of his discretion, and his ruling will be upheld only if the error is, as a matter of law, fundamental.
Id. at 1322-23.
Applying the above language to the facts of the instant case, we would equate an induced error, as in the instant case, with an unpreserved error as alluded to in Sears. The jury's verdict of zero below was induced, at least in part, by the condemnee's failure to move for a directed verdict on the issue of liability and by his submission of the contradictory jury instructions. As a result, the jury was not instructed in regard to the distinction between nominal and actual damages. Indeed, after the charges were settled at the instruction conference, the issue of liability was argued, without objection, during closing argument.
The condemnee now says that if the instructions were conflicting, then a new trial was proper. This proposition, however, ignores the doctrine of invited error. Niles requested both instructions, and both were given over the objections of the County. Under the doctrine of invited error, a party cannot successfully complain of error for which he is himself responsible, or of rulings that he has invited the trial court to make. Bould v. Touchette, 349 So.2d 1181 (Fla. 1977); Hawkins v. Perry, 146 Fla. 766, 1 So.2d 620 (1941); Hunter v. Employers Mutual Liability Ins. Co., 427 So.2d 199 (Fla. 2d DCA 1982), review denied, 434 So.2d 887 (Fla. 1983); Keller Industries, Inc. v. Morgart, 412 So.2d 950 (Fla. 5th DCA 1982). Thus, a litigant may not urge error with respect to instructions given at his own request. See, e.g., Glabvo Dredging Contractors v. Brown, 374 So.2d 607 (Fla. 3d DCA 1979); Young v. Taylor, 212 So.2d 25 (Fla. 2d DCA 1968); North Shore Hospital, Inc. v. Luzi, 194 So.2d 63 (Fla. 3d DCA 1967); Park v. Belford Trucking Co., 165 So.2d 819 (Fla. 3d DCA 1964), cert. dismissed, 174 So.2d 398 (Fla. 1965). By inviting the jury to pass on the issue of liability in one instruction, the condemnee is estopped to complain that the jury erred by finding against him on that issue without finding nominal damages in response to a contradictory instruction.
In the recent case of H & U Foods, Inc., d/b/a McDonald's Restaurant v. Ellison, 439 So.2d 923 (Fla. 4th DCA 1983), the grant of a new trial was reversed as an abuse of discretion by the trial court, a discretion which is broad but not without bounds. After pointing out that there was a sufficient factual basis from the evidence to support the conclusion of the jury, the appellate court said:
The primary reason for granting a new trial, as set out in the court's order, was the jury's failure to award at least some damages even if nominal. We reject this reason. Compensatory damages include both actual and nominal damages. In closing argument, plaintiff's counsel sought only actual damages for the multiple sclerosis condition. Further, the jury was not instructed on nominal damages, and the trial court's order faulting the jury for failing to award such damages was legally incorrect and an abuse of discretion.
We find a parallel situation in the instant case, where the jury was not instructed on nominal damages. Therefore, we find that the trial court abused its discretion in ordering a new trial. A trial judge cannot grant a new trial simply because he disagrees with the jury. Fusco v. Heymann, 139 So.2d 688 (Fla. 1962).
*1049 Accordingly, we reverse and remand for entry of a judgment in accordance with the jury verdict.
REVERSED and REMANDED WITH INSTRUCTIONS.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
NOTES
[1] Daytona Beach, Fla. Article V, § 14.4, Ordinance 78-400, provides: Non-conforming or substandard lots created by eminent domain proceedings. Any lot or parcel which shall be made nonconforming or substandard as a result of eminent domain proceedings instituted by the City of Daytona Beach or other governmental agency, or through a voluntary conveyance by such lot or parcel owner in lieu of formal eminent domain proceedings, which lot or parcel except for such eminent domain or voluntary conveyance, would be an otherwise conforming lot or parcel, shall be deemed to be a conforming lot or parcel for all purposes under this Ordinance. However, all yard requirements of this Ordinance shall control any new construction or building addition.