449 So.2d 1006 (1984)
Richard H. SLACTER, Appellant,
v.
CITY OF ST. PETERSBURG, a Municipal Corporation, Appellee.
No. 83-2061.
District Court of Appeal of Florida, Second District.
May 16, 1984.
*1007 H. Rex Owen and Bruce Crawford of Owen & McCrory, St. Petersburg, for appellant.
Michael S. Davis, City Atty., and B. Norris Rickey, Asst. City Atty., St. Petersburg, for appellee.
BOARDMAN, Acting Chief Judge.
This appeal involves an action in eminent domain.
Upon review of the record, including the briefs, and after hearing oral argument, we reverse and remand for a new trial only as to the issue of business damages incurred by appellant/owner as a result of the taking of a portion of his property by appellee, City of St. Petersburg.
Appellant owned and operated a package store and cocktail lounge in the City of St. Petersburg. By condemnation, the City acquired a portion of appellant's customer parking area, thus eliminating nine or ten of the twenty-five existing parking spaces required by a City ordinance for the operation of appellant's business.
Although appellant presented competent evidence at trial of business loss resulting from the taking, the jury chose to award him no business damages under section 73.071(3)(b), Florida Statutes (1983). The jury returned this verdict notwithstanding testimony from appellant's expert that drive-in trade constituted ninety percent of appellant's business and that the loss of parking spaces would result in a forty percent reduction in gross revenue. Although the City questioned this evidence by cross-examination, it chose not to rebut it.
The weight and credibility to be given to an expert's testimony remains a matter within the jury's province. Behm v. Division of Administration, State Department of Transportation, 336 So.2d 579, 582 (Fla. 1976). While the jury properly may award business damages in an amount less than that suggested by expert testimony, it "must be guided by the greater weight of the evidence," id., and is not free totally to ignore the only evidence presented to it. Thus, appellant having established business loss as a result of the taking, the jury should have awarded some business damages.
We are not unmindful of the recent decision of our sister court in County of Volusia v. Niles, 445 So.2d 1043 (Fla. 5th DCA 1984). There, the jury returned a zero verdict for severance damages where substantially all of the evidence presented supported a finding that the condemnee, in fact, had suffered such damages. Holding in part that the condemnee had induced the error by failing to request an instruction on *1008 nominal damages, the Fifth District reversed the trial court's award of a new trial.
To the extent that our decision may be inconsistent with Niles, we disagree with our sister court. Under the facts of this case, the trial court erred in denying a new trial on this issue alone where the jury failed to award appellant any amount for business damages.
We have considered the remaining points raised by appellant and conclude that as to each of them reversible error has not been demonstrated.
REVERSED and REMANDED for proceedings consistent with this opinion.
SCHEB and LEHAN, JJ., concur.