479 So.2d 763 (1985)
COUNTY OF SARASOTA, a Political Subdivision of the State of Florida, Appellant,
v.
Selva L. BURDETTE, Mary A. Burdette, Palm Plaza Associates, Ltd., I.R.E. Real Estate Fund, and Pizza Hut of Gainesville No. 1, Inc., Appellees.
No. 84-2810.
District Court of Appeal of Florida, Second District.
October 23, 1985.
Rehearing Denied December 5, 1985.
*764 Thomas R. Peppler of Nelson, Hesse, Cyril, Smith, Widman & Herb, Sarasota, for appellant.
David J. Baron of Fergerson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota, for appellees, Burdette, Palm Plaza, and Pizza Hut of Gainesville No. 1, Inc.
S.W. Moore of Brigham, Moore, Gaylord, Schuster & Sachs, Sarasota, and Alan E. DeSerio, of Brigham, Moore, Gaylord, Schuster & Sachs, Tallahassee, for appellee, I.R.E. Real Estate Fund.
SCHOONOVER, Acting Chief Judge.
Sarasota County appeals from several judgments entered in a condemnation action and from an order granting a new trial. We affirm in part and reverse in part.
The trial in this case involved valuation of three pieces of property, parcel 2, parcel 22, and parcel 23, for purposes of awarding fair compensation to the respective owners for any loss caused by the county's taking. During the course of the trial the court, for purposes of valuation, divided parcel 23 into parcel 23 A, which was covered by a lease, and parcel 23 B, which was not.
The county's expert witness testified that the land taken in connection with parcel 23 A was worth $1.52 per square foot. The owner, appellee I.R.E. Real Estate Fund, presented an expert witness who valued the land at $10 per square foot. The trial court struck the testimony of the county's expert and directed the jury to return a verdict for $27,300, a figure determined by multiplying the amount of square footage in parcel 23 A by $10.
The county first contends that the trial court erred in directing a verdict as to the value of parcel 23 A. We agree.
After the court struck the county's expert testimony, the only evidence remaining for the jury's consideration was the owner's expert testimony that the land had a value of $10 per square foot. Although the jury would have been authorized to return a verdict for $27,300 because the county did not present admissible testimony to refute the owner's value, see Wilkerson v. Division of Administration, State Department of Transportation, 319 So.2d 585 (Fla. 2d DCA 1975), the jury was not required to return a verdict for that amount. The jury could have rendered a verdict for an amount less than the maximum submitted by the landowner, as it is within the jury's province to determine the weight and credibility to be given an expert's testimony. Behm v. Division of Administration, State Department of Transportation, 336 So.2d 579 (Fla. 1976); Division of Administration, State Department of Transportation v. Decker, 408 So.2d 1056 *765 (Fla. 2d DCA), pet. for rev. denied, 415 So.2d 1361 (1982).
A jury may not make an independent determination of the value of property in an eminent domain proceeding, but in evaluating, interpreting, and weighing the credibility of an expert witness, the jury may apply its knowledge, its experience, any information obtained by a view of the property, and any other evidence presented in the case, to determine the reasonableness of the expert's testimony. Behm. The opinion of an expert is worth no more than the reasons on which it is based, and if properly susceptible, as in this case, to differing interpretations, the jury is at liberty to make such interpretations. Behm. Compensation in an eminent domain case must be committed for final determination to a jury, not an expert. Behm; see also Decker. The trial court therefore erred in directing a verdict as to the value of parcel 23 A.
The owner of parcel 23 A attempts to distinguish Behm on the basis that the landowner in that case had the burden of proof in connection with his claim for business damages, whereas the instant case involves a claim for the value of land taken, an issue for which the condemning authority has the burden of proof. The court in Behm did not limit its holding, however, to cases in which the landowner has the burden of proof. Furthermore, this court held in Decker that it is error to grant a directed verdict on the issue of fair market value of an easement (an issue for which the condemning authority has the burden of proof) where the condemning authority's appraisals have been stricken and the only estimates left in evidence are those offered by the landowner. Contrary to another argument raised by the owner of parcel 23 A, this court did not base the holding in Decker solely upon the fact that the condemning authority's evidence in that case had been erroneously excluded.
The owner of parcel 23 A further argues that if we do not allow the trial court to direct a verdict where the condemning authority fails to carry its burden of proof by presenting admissible appraisal testimony, the condemnor can avoid putting on any valid expert testimony for the land it has seized from an owner. Because a jury verdict must not be less than the lowest value testified to by any witness nor more than the highest value testified to, Behm, the "range of testimony" for the jury to consider in such a case would be from the amount of zero to the amount submitted by the owner. This could result in the jury's return of a zero verdict for damages.
We reject this argument. Although a jury may properly award damages in an amount less than that suggested by expert testimony, it must still be guided by the greater weight of the evidence, and it is not free to totally ignore the only evidence presented to it. Slacter v. City of St. Petersburg, 449 So.2d 1006 (Fla. 2d DCA), pet. for rev. denied, 458 So.2d 271 (1984); see also Behm.
The county also contends that the trial court erred in granting a motion for new trial on the issue of business damages in connection with parcel 2. We agree.
Appellee Pizza Hut of Gainesville No. 1, Inc., is the owner and operator of the Pizza Hut Restaurant located on parcel 2 and is the lessee under a long-term lease. The controversy concerning parcel 2 involved a partial taking and a loss of between three to eight parking spaces, the number of which was disputed at trial. The county's expert testified that Pizza Hut did not sustain any business damages by the loss of these parking spaces. He based his opinion on the fact that maximum utilization of the restaurant did not require any more parking spaces than those remaining after the county's taking under eminent domain. He opined that if the parking spaces were full, the restaurant would be full, and no business would be lost. He further testified that the number of parking spaces remaining after the county's taking complied with the Sarasota county ordinance setting minimum standards for restaurant parking. In response to questions put forth by Pizza Hut on cross-examination, the county's expert admitted that customers *766 could park across the street from Pizza Hut.
Pizza Hut moved to strike this testimony on the ground that it was based in part upon the assumption that a business could mitigate or eliminate its business damages by requiring customers and employees to park on property belonging to another. The court denied the motion. Pizza Hut then presented an expert who testified that the restaurant would suffer a substantial amount of business damage resulting from the loss of parking spaces. The jury returned a verdict finding that Pizza Hut sustained no business damages, and Pizza Hut moved for a new trial. The trial court, in granting the motion, stated that the opinion of the county's expert should have been stricken because the expert testified concerning off-premise parking to be used as an alternative when the restaurant's parking spaces were full. The court also stated that the county's reference to this off-site parking during closing argument reinforced the expert's improper opinion. We disagree.
It is true that an evaluation of business damages is invalid when it is based upon the assumption that customers may park upon someone else's property. See State Department of Transportation v. Byrd, 254 So.2d 836 (Fla. 1st DCA 1971). Although an expert's opinion that is based on a misconception of law should be stricken, Mulkey v. Division of Administration, State Department of Transportation, 448 So.2d 1062 (Fla. 2d DCA 1984), the expert's opinion in this case was not based on a misconception of law. A review of the record indicates that the testimony concerning off-site parking was not the basis of the county's expert opinion, but was elicited in response to questions posed on cross-examination conducted by Pizza Hut. The county's expert based his formal opinion on the fact that maximum utilization of the Pizza Hut restaurant did not require any more parking spaces than those remaining after the county's taking. He stated, in effect, that although customers could park off-site, they would not be required to because when the parking spaces were full, the restaurant would be full. The expert's testimony, therefore, was not based on a misconception of law, and the trial court erred in granting a new trial.
We have considered the remaining arguments raised by the county and conclude that reversible error has not been demonstrated. We, accordingly, reverse the judgment entered in connection with parcel 23 A and remand for a new trial. We also reverse the trial court's order granting a new trial on Pizza Hut's claim for business damages in connection with parcel 2 and direct the trial court to enter a judgment in accordance with the jury verdict.
Affirmed in part, reversed in part, and remanded.
FRANK and HALL, JJ., concur.