751 So.2d 117 (2000)
DEPARTMENT OF TRANSPORTATION, et al., Appellants,
v.
Larry S. DUPLISSEY, et al., Appellees.
No. 5D98-2908.
District Court of Appeal of Florida, Fifth District.
January 7, 2000.
*118 Pamela S. Leslie, General Counsel, and Gregory G. Costas, Assistant General Counsel, Tallahassee, for Appellant.
Vincent G. Torpy, Jr., Melbourne, for Appellee Charlotte Duplissey.
David W. Dyer, Indialantic, for Appellee Larry S. Duplissey.
ANTOON, C.J.
In this eminent domain case, the State of Florida Department of Transportation (DOT) appeals the trial court's order granting a new trial on the issue of severance damages. The pivotal issue is whether the jury's decision to award severance damages in an amount less than DOT's good faith deposit and less than the expert testimony submitted at trial concerning the value of severance damages requires the granting of a new trial. We answer this question, which we believe to be one of first impression, in the negative and reverse the order granting a new trial.
Appellees Larry and Charlotte Duplissey own an L-shaped, 28.8-acre piece of property at the intersection of Malabar Road and Babcock Road in Brevard County. DOT filed a petition to condemn a portion of their property for the purpose of road improvements to Malabar Road near Interstate 95. After taking 2.44 acres of the Duplisseys' property for a storm water retention area, DOT made a good faith deposit of $352,203. At the hearing on the order of taking, DOT's expert appraiser explained that this figure included $179,259, representing the value of the property actually taken, and $171,853, representing the severance damages to the remainder of the property. The appraiser testified that he had based the good faith deposit for severance damages, in part, on the "before and after" values of the property.
The matter thereafter proceeded to trial. The Duplisseys filed a motion in limine seeking to prevent DOT's expert appraiser from testifying as to severance damages, arguing that his opinion was not based on comparable sales of similar property. The trial court granted the motion. As a result of this ruling, the only evidence submitted during trial regarding the value of severance damages was the testimony of the Duplisseys' expert appraiser who stated that the severance damages totaled $479,272. In his closing argument, counsel for DOT admitted that the taking had resulted in severance damages, but disputed the testimony of the Duplisseys' expert as to value. The trial court thereafter instructed the jury on the law it should apply in reaching its verdict, including the following instruction pertaining to the weight to be given expert testimony:
Expert witnesses are allowed to give opinions because they are persons of special training or experience. You should consider their qualifications, experience, and familiarity with the conditions that affect the real estate market *119 or other matters about which they testified as it relates to this property in particular, and give their testimony such weight as you deem proper.
Your verdict may not be less than the lowest value, nor more than the highest value testified to by any witness in this proceeding.
(Emphasis added). After considering the evidence and the trial court's instructions, the jury returned its verdict awarding the Duplisseys $423,164 for the value of the property and $138,939 for severance damages. The trial court entered a final judgment accordingly.
The Duplisseys later filed a motion for additur, and, in the alternative, a motion for new trial arguing that, in reaching its verdict as to severance damages, the jury had impermissibly disregarded the jury instruction relating to expert testimony. They asserted that there was no record evidence supporting an award in an amount less than $479,000, since the only testimony submitted concerning the value of their severance damages was the testimony of their expert. The trial court agreed, and entered an amended final judgment granting a new trial on the issue of severance damages. DOT appeals, challenging that ruling.
The first question is whether the trial court properly concluded that, as a matter of law, a new trial was warranted because the jury was not permitted to return a verdict in an amount less than that testified to by the Duplisseys' expert. See Goutis v. Express Transport, Inc., 699 So.2d 757 (Fla. 4th DCA 1997), rev. dismissed, 705 So.2d 901 (Fla.1998). The Duplisseys maintain that the trial court's ruling was correct because the jury instruction limiting the jury's discretion in assessing damages to the range described in the expert's testimony is a correct statement of the law, although conceding that the instruction is not contained in Florida's standard jury instructions.[1] This issue was addressed by our supreme court in Behm v. Div. of Admin., State Dept. of Transportation, 336 So.2d 579 (Fla.1976). In Behm, an eminent domain case, our supreme court held that a jury can award business damages in an amount less than the amount testified to by the owner's expert even when the condemnor has failed to present opinion evidence as to value. In so ruling the court recognized that, in weighing the credibility of an expert's testimony, a jury in a condemnation case "may apply to the expert testimony their knowledge and experience, view of the property, as well as other evidence in the case to determine its reasonableness." Id. at 582. The court further noted that "compensation in an eminent domain case is by our constitution committed for final determination to the jury, not to an expert." Id. Similarly, in Volusia County v. Niles, 445 So.2d 1043 (Fla. 5th DCA 1984), this court held that, in an eminent domain case, it is the province of the jury as finder of fact to determine the weight and credibility of the expert's testimony as to the value of severance damages, and that a jury is authorized to return a verdict awarding less than the unrefuted valuations opined by the expert. Id. 1047.
In Slacter v. City of St. Petersburg, 449 So.2d 1006 (Fla. 2d DCA 1984), rev. denied, 458 So.2d 271 (Fla.1984), the second district disagreed with our decision in Niles. In Slacter, the condemnee presented competent evidence supporting a claim for business damages. However, the jury disregarded the evidence and returned a verdict of no damages. The trial court denied the condemnee's motion for a new trial. Upon review, the second district reversed, relying on Behm, stating that the jury "must be guided by the greater weight of the evidence." See Slacter, 449 So.2d at 1007. The court pointed out that the jury had completely ignored the evidence *120 by returning a verdict of no damages. However, our case is distinguishable because here the jury did not ignore the evidence, but instead obviously considered the evidence before returning a verdict for $138,000, an amount less than the value presented by the expert.
The remaining question is not as easily resolved and is what makes this case one of first impression. The Duplisseys contend that the trial court's decision to grant a new trial was proper because the jury was not permitted to award severance damages in an amount which was less than DOT's good faith deposit. To support this contention, the Duplisseys argue that DOT admitted that the Duplisseys' severance damages totaled at least $179,259 when it made its good faith deposit in that amount. We reject this contention on the unique facts of this case because DOT's expert did not testify at trial as to the amount of DOT's good faith deposit, and, as a result, evidence of the deposit was not placed before the jury. Ironically, had DOT's expert been permitted to testify, he would most likely have testified that the value of the severance damages sustained by the Duplisseys was $179,259, since that was his testimony at the hearing on the order of taking. However, by successfully objecting to the testimony of DOT's expert witness, the Duplisseys deprived the jury of receiving this information and thereby ran the risk that the jury would return a verdict for severance damages in an amount less than the good faith offer.
The Duplisseys argue further that the jury was not permitted to return a verdict for severance damages in an amount less than that of DOT's good faith deposit because in Behm the court stated that, by making its good faith deposit, the "condemning authority ... admits damages in this amount and requires the jury to find that amount as the minimum award." Behm 336 So.2d at 582. In our view, the significance of this statement is not clear as applied to the instant case. A reasonable interpretation of this excerpt, and the one we choose to apply here, is that the condemning authority's opinion evidence as to value presented to the jury at trial establishes the minimum for an award of damages. We do not read this statement as meaning that, regardless of the evidence presented at trial, the good faith offer made by the condemning authority is binding upon the jury. Our conclusion finds support in section 74.081, Florida Statues (1997), which provides: "Neither the declaration of taking, nor the amount of the deposit, shall be admissible in evidence in any action." Applying this reasoning to the instant facts, a minimum value was not established at trial because the testimony of DOT's expert witness was excluded. There being no minimum value established, the jury's award of severance damages in an amount less than the amount of the good faith offer was permissible.
We hold that the jury was not required to accept the uncontroverted opinion submitted by the Duplissey's expert in reaching its verdict concerning severance damages. We hold further that, in the absence of evidence of value of severance damages presented by the condemning authority, a jury can return a verdict awarding an amount less than the amount of the condemning authority's good faith deposit.
In closing, we briefly address the issue of attorney's fees and pretrial interest. Because we are reversing the amended final judgment as to the award severance damages, we must also reverse the award of attorney's fees and interest contained therein. See Brevard County v. Canaveral Properties, Inc., 689 So.2d 1309 (Fla. 5th DCA 1997), rev. denied, 670 So.2d 937 (Fla.1996).
Accordingly, we reverse and remand this matter to the trial court with directions to enter final judgment in accordance with the jury's verdict and to recalculate the attorney's fees and interest based on that verdict. See Seminole County v. Butler, 676 So.2d 451, 455 (Fla. *121 5th DCA), rev. denied, 686 So.2d 581 (Fla. 1996).
REVERSED and REMANDED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] This instruction is published in The Florida Bar, Continuing Legal Education Florida Eminent Domain Practice and Procedure, §§ 11.16, 11.18.