ALTENBERND, Chief Judge.
Owen M. Ward, individually and as trustee under a declaration of land trust dated June 18,1986, appeals a circuit court order that denies his request for an award of attorneys’ fees based upon the value of a nonmonetary benefit his attorneys achieved in the settlement of an eminent domain proceeding. Although we are inclined to believe that the nonmonetary benefit achieved in this case had some economic value, the record supports the circuit court’s decision that Mr. Ward did not quantify that benefit with reasonable certainty as required by section 73.092(2)(b), Florida Statutes (2001).
Collier County filed an eminent domain proceeding in 1999 to take a portion of Mr. Ward’s property located between Radio Road and Davis Boulevard near the intersection of these two roads. The County sought to take 1.13 acres of this 4.91-acre parcel. The taking would result in Mr. Ward retaining 3.78 acres near this intersection, 3.39 acres of which Mr. Ward could develop. The County initially deposited $221,500 into the registry of the court based upon its estimate of the value of the land taken. See § 74.051(2), .061, Fla. Stat. (1999). Following discovery and negotiations, the County and Mr. Ward entered into a mediated settlement agreement in March 2001. The County agreed to pay $380,540 for the land. The County also agreed to include a performance clause within the mediation agreement under which it would either complete construction of the improvement project at this intersection on or before September 30, 2002, or pay Mr. Ward $10,000 per month, prorated daily, for the delay.
The County and Mr. Ward agreed that his attorneys were entitled to a statutory fee of $52,483.20 for the monetary component of this award. See § 73.092(l)(c), Fla. Stat. (2001). They could not agree on the fee, if any, that should be awarded for the inclusion of the performance clause in the mediation agreement. As a result, that dispute was submitted to the circuit court for resolution. Section 73.092(2)(b) *894 permits a circuit court considering the proper award of attorneys’ fees in an eminent domain proceeding to “consider non-monetary benefits obtained for the client through the efforts of the attorney, to the extent such nonmonetary benefits are specifically identified by the court and can, within a reasonable degree of certainty, be quantified.”
In order to establish Mr. Ward’s right to this fee, Mr. Ward and his real estate appraisal expert both testified that the performance clause in the mediation agreement was worth $100,000 to Mr. Ward because he was anxious to establish a date when the project would be finished and the land could be developed. Although it may be true that Mr. Ward was anxious to develop the project, from our limited record it does not appear that he provided any logical explanation why his desire to develop the property caused this performance clause to have an economic value of $100,000. The circuit court rejected this testimony as an opinion without a proper foundation in fact.[1] The circuit court was permitted to disregard this testimony. See Thompson v. Dep’t of Children & Families, 835 So.2d 357, 360 (Fla. 5th DCA 2003) (affirming hearing officer’s decision to reject party’s expert testimony regarding fair market value; holding trier of fact may accept or reject all or any part of an expert’s testimony and is in no way bound by uncontroverted expert opinion testimony); Dep’t of Transp. v. Duplissey, 751 So.2d 117 (Fla. 5th DCA 2000) (holding jury was not required to accept uncontro-verted opinion submitted by landowners’ expert in setting severance damages in eminent domain case). As such, we affirm the circuit court’s conclusion that Mr. Ward did not establish the value of this benefit with reasonable certainty and therefore he was not entitled to an additional award of attorneys’ fees based upon this provision in the settlement agreement.
Although we affirm, we note that the circuit court’s order adopted, as an additional reason to deny fees, the County’s argument that the performance clause had no value unless the County failed to perform in a timely fashion. Because the County timely completed this project, it argued that the clause had no value. This argument, however, asks the court to evaluate the performance clause at the wrong point in time. Mr. Ward received a benefit from this clause at the time he successfully negotiated for it in March 2001. At that time, the County agreed to assume some of the monetary risks that Mr. Ward would otherwise bear in the event the County’s project unduly delayed the development of his land. The value of this risk-shifting agreement should be determined as of the date Mr. Ward contracted for it.
At one point, the circuit court accurately noted that the clause was analogous to an insurance policy or a performance bond. Although the parties did not choose to present evidence or argument to support an evaluation based on this analogy, we are inclined to believe this analogy suggests a reasonable approach to value such a performance clause. The value of the clause in March 2001 could be established by estimating what an underwriter would charge to assume the risk of untimely performance. For example, if evidence had established that in March 2001 there had been a 30% risk of a one-month delay in this project, a 15% risk of a two-month delay, and a 3% risk of a three-month delay, the risk to an underwriter would *895 have been approximately $4,800,[2] and the premium to underwrite the risk would have been based on this risk. We do not hold that this is the only way to value such a clause, but it would seem to be a reasonable approach to quantify such a nonmone-tary benefit. It is an approach that demonstrates that the performance clause had some economic value in March 2001. Although we disagree with the circuit court’s alternate holding that the clause had no economic value because the project was completed on time, this alternate reasoning does not affect the circuit court’s conclusion that Mr. Ward failed to quantify the nonmonetary benefit with reasonable certainty. We therefore affirm the order on appeal.
Affirmed.
WHATLEY and SILBERMAN, JJ., concur.

. Our review is somewhat restricted by the absence of a transcript of this hearing in our record. The parties did, however, prepare an adequate statement of the facts that was settled and approved by the circuit court. See Fla. R.App. P. 9.200(b)(4).

. This is merely a sum of the risk probabilities. ($10,000 x .30) + ($10,000 x .15) + ($10,000 X .03) = $4,800. Obviously, an underwriter would also charge for overhead and profit.